CLARK & LEONARD INVESTMENT COMPANY, APPELLEE, V. PALMER WAY ET AL., APPELLEES, AND J. A. HUDEL-SON ET AL., APPELLANTS.

FILED JUNE 16, 1897. No. 7389.

1. **Judicial Sales:** DISTRIBUTION OF PROCEEDS. A purchaser at a judicial sale who, instead of paying the amount of his bid to the officer making the sale, undertakes to himself disburse it in discharging liens, does so at his peril.

2. ———: TITLE OF PURCHASER: LIENS. The title of the purchaser, where there is an appeal from the order of confirmation, relates back on affirmance at least as far as that order, and he may not deduct from the amount of his bid sums which he has paid on account of taxes becoming liens on the property, and interest accruing on a senior mortgage subject to which he bought, between the time of confirmation and the time of affirmance or dismissal of appeal.

3. ———: DISTRIBUTION OF PROCEEDS: PARTIES. The holder of a lien not made a party to a foreclosure case has no standing by intervention on motion for distribution to ask to have the purchase money applied to the satisfaction of his lien.

4. ———: ———. A motion for distribution should properly be made after the fund comes into the hands of the officer making the sale or after it is paid into court, if such be the order. If made earlier the court may refuse to entertain it, but if overruled on the ground that it is premature, the order should be without prejudice to a later application.

APPEAL from the district court of Lancaster county. Heard below before STRODE, J. *Modified.*

' *F. A. Boehmer* and *Nestor Rummons*, for appellants.

*Ricketts & Wilson, contra.*

IRVINE, C.

The record before us presents a very curious and complicated state of facts. The transcript contains some of the affidavits used in evidence. The bill of exceptions repeats most of the pleadings. From this mass of documents we gather a statement of facts from which we eliminate as far as practicable the minor and less material points, in the hope that the case may be so far simplified as to render its condition intelligible.

Palmer Way and Margaret Way, whom we shall hereafter style the Ways, were the owners of certain property in Lancaster county. On this there was a senior mortgage of $11,000, which had been executed to the Clark & Leonard Investment Company, hereinafter styled the Investment Company, and by it transferred to the president and directors of the Insurance Company of North America, hereinafter styled the Insurance Company, the Investment Company guarantying payment. There was a junior mortgage to Hudelson, which at the time of decree amounted to $1,999.15. It would seem that there was a judgment lien in favor of one Sheldon, junior to these mortgages, or at least to the Investment Company mortgage. The Ways failing to pay certain interest coupons on the first mortgage and taxes on the property, the Investment Company had paid these charges, and thereupon brought this action to foreclose for the sum so paid, the principal of the first mortgage not being due. The Ways and Hudelson were the only defendants to the action. The judgment creditor was not a party. It is said that he could not be made a party because an appeal was pending from the judgment in the supreme court. That the judgment had been superseded does not, however, appear. A decree of foreclosure was rendered ad-

judging the first lien to be in the Insurance Company, the second in the Investment Company, and the third in Hudelson, and the land was ordered sold subject to the first lien, to pay the two junior liens. No appeal was taken from this decree. It would seem, however, that a stay was taken, and on its expiration the land was sold to Hudelson for $5,400. The Ways made a motion to set aside this sale, which was overruled and the sale confirmed. The Ways appealed to this court, where, after the case had been pending nearly a year, they dismissed the appeal. Then they filed a motion to require Hudelson to pay his bid. About the same time the German National Bank, hereinafter styled the bank, appeared, apparently without any order of intervention, and filed what it calls a "petition and motion." In this it is alleged, among a great many other things, that it became the owner of the Sheldon judgment, and that it had also purchased from Hudelson his rights to the decree of foreclosure. It asked that if Hudelson should be required to pay his bid, he be directed to pay it to the bank to apply on the judgment and Hudelson mortgage. The court sustained the motion of the Ways in so far as to require Hudelson to pay $419.80, said amount remaining due on his bid, into court, and overruled the bank's motion. From these orders Hudelson and the bank appeal.

The reasons urged by Hudelson against paying any further money on his bid are, in brief, that between the decree and sale certain taxes accrued against the property, and interest accumulated on the Insurance Company's mortgage; that pending the appeal other taxes became liens on the property, and further interest accrued; that Hudelson, to protect the property, had paid these sums; that he had paid the Investment Company the amount found due it in the decree; that he had paid the costs of the case and had paid to the bank $1,036.25 upon the Hudelson mortgage, which the bank then owned by virtue of purchasing Hudelson's rights under the decree. He claimed that these amounts, in the aggregate,

were more than his bid, and that he was thereby dis-
charged from further payment.   Exactly on what basis
the court made the accounting does not appear from the
record; but from the amount found still due from Hudel-
son, it would seem that the court had at least given him
credit on his bid for the amount paid the Investment
Company, the amount paid the bank, and the taxes and
interest accruing between the decree and order of con-
firmation.   This was certainly all to which he was enti-
tled.   The purchaser at a judicial sale depends upon con-
firmation to perfect his title.   Upon confirmation, for
some purposes, the title relates back to the sale; but on
the dismissal of Way's appeal it, for all purposes, related
back at least to the time of confirmation.   It was Hudel-
son's property from that time, and the interest thereafter
accruing on the first mortgage, subject to which he pur-
chased, and the taxes thereafter accruing, were charges
for which he was responsible, and not the Ways.   Un-
doubtedly the purchaser is entitled to an accounting for
rents in such a case from the time of confirmation; and
perhaps in case of insolvency, where a surplus remains
of the purchase money after discharging the liens, the
purchaser may, on an application for distribution, obtain
an equitable set-off to protect himself.   This we do not
decide, because there is no allegation or proof of insolv-
ency on the part of the Ways.   Certain it is that it is the
duty of the purchaser, except, at the most, as to such
portion of the purchase money as may inure to himself
in another capacity as an adjudged lien-holder, to pay
the money to the officer making the sale.   If, instead of
doing so, he undertakes to disburse it himself in payment
of adjudged liens, or liens which in his opinion exist
against the property and have not been adjudicated, he
does so at his peril.   The court very properly required
Hudelson to complete his bid, and Hudelson certainly has
no just ground of complaint as to the amount found due
or the credits allowed him.

The case of the bank is double.   It certainly has no

right to ask an application of the purchase money to the payment of the Sheldon judgment. Whether this lien was junior or senior to the mortgages, as the holder thereof was not made a party to the proceeding, the judgment was not barred nor its lien upon the land removed. The bank, as its holder, has in one case, so far as this action is concerned, still the senior lien, with the right to levy on the property. In the other case it occupies the position of a junior lien-holder, with regard to an ineffectual foreclosure of a senior lien. It appears from the record that pending this action the Insurance Company obtained a decree foreclosing its mortgage, and to this action there seem to have been the proper parties. But that does not affect this case. So far as the bank asks to have the purchase money applied to the satisfaction of the decree foreclosing the Hudelson mortgage, it would seem that if the Investment Company's claim has been satisfied it would have this right, as more than the amount remaining due on the bid remains unpaid on the Hudelson mortgage. By its purchase of the decree it acquired Hudelson's position as junior lien-holder. Hudelson lost that position and remained in the case only in the attitude of the purchaser at the sale. The court was, however, justified in overruling the motion at the time it was made, on the ground that it was premature. It was in its essence a motion for distribution, and the court was justified in refusing to entertain it, at least until the sum due from the purchaser had been ascertained and the money paid into court in pursuance of the other order.

The order sustaining the Ways' motion is affirmed. The order overruling the bank's motion is modified in so far as to render it without prejudice to a later application for distribution of the remaining purchase money in payment of the sum remaining due on the decree in favor of Hudelson.

ORDER ACCORDINGLY.