ALVIN M. MILLER ET AL. V. NEELY & WESTOVER.

FILED JANUARY 3, 1900. No. 9,087.

1. **Mechanics' Liens: FORECLOSURE: EVIDENCE.** Evidence *held* sufficient to sustain a decree foreclosing a mechanic's lien.

2. **Review: NEW TRIAL: QUESTIONS NOT RAISED BELOW.** In an error proceeding to review a decree sustaining a mechanic's lien this court will not examine the record to ascertain whether the amount of recovery was excessive, where the point was not raised in the trial court in the motion for a new trial.

ERROR from the district court of Box Butte county. Tried below before KINKAID, J. *Affirmed.*

*Smith P. Tuttle,* for plaintiffs in error.

*W. M. Iodence, contra.*

NORVAL, J.

This suit was instituted in the district court by the Des Moines Manufacturing & Supply Company to foreclose a mechanic's lien for labor and material furnished in the construction of a flouring mill. Neely & Westover and others were made defendants, and Alvin M. Miller, Edward S. Wildy and N. J. T. Orr were permitted to intervene in the cause. Neely & Westover filed an answer and cross-petition, claiming a mechanic's lien on the same premises for labor performed in the construction of the mill. Miller and Wildy claimed to have purchased the interest of Henry J. Schluntz, one of the original owners of the property, and which interest they set up by appropriate pleading. N. J. T. Orr pleaded that he had acquired the interest of Josiah Thomas, the other original owner of the premises. A decree of foreclosure was entered sustaining the liens of plaintiff and Neely & Westover, and Miller and Wildy have brought the record here for review by error proceeding.

The decree, to the extent that it awarded Neeley & Westover a mechanic's lien, is assailed as not being supported by the evidence. The written contract between the lienors and the original owners of the premises was sufficient on which to predicate a lien, although such contract was not personally signed by Henry J. Schluntz, one of the joint owners of the premises. It was executed for him by the other owner, Joseph Thomas, and the mill was erected by Neely & Westover in pursuance of the contract, with the knowledge and consent of Schluntz. It is true that Neely & Westover, by the terms of the

contract, were to receive as part compensation for their labor in erecting the mill promissory notes against them to the amount of $735, but this fact would not defeat a mechanic's lien, inasmuch as part of the consideration was to be paid in money. As to that amount, at least, the contract was sufficient to support a lien, and there is no assignment in the motion for a new trial or petition in error that the amount of the lienors' recovery was excessive.

It also insisted that the claim of Neely & Westover for a lien was not filed in time. The evidence adduced upon the trial was ample to sustain a finding that the last labor performed by them in the erection of the building under the contract was within four months prior to the filing of the lien statement. This was sufficient. There is no error in the record, and the decree is

AFFIRMED.