# WOODWORTH v. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 222. Argued April 16, 1902.—Decided May 5, 1902.

The obligee in a bond which supersedes an order confirming a sale of real estate, and directs the immediate execution of a deed and delivery of possession thereof to the purchaser, is entitled, after that order has been affirmed on appeal, to recover as damages for the breach of the obligation of the bond the value of the use and possession, that is to say in this case, the rents and profits of the real estate during the time the purchaser is kept out of the possession and use of the real estate by the supersedeas bond, and the appeal in which it was allowed.

THE question arising for decision in this cause is embodied in the following certificate from the United States Circuit Court of Appeals for the Eighth Circuit:

"The United States Circuit Court of Appeals for the Eighth Circuit, sitting at the city of St. Louis, Missouri, on this 27th day of December, 1900, hereby certifies that upon the record on file in said court in the above-entitled causes, wherein Lucian Woodworth, Frank D. Brown and George N. Clayton are plaintiffs in error and the Northwestern Mutual Life Insurance Company is defendant in error, and Lucian Woodworth, Frank D. Brown and George N. Clayton are appellants and the Northwestern Mutual Life Insurance Company is appellee, and which

causes are now pending before this court on writ of error to and appeal from the Circuit Court of the United States for the District of Nebraska, the following facts appear, namely:

"On August 26, 1896, the Northwestern Mutual Life Insurance Company filed its bill of complaint in the Circuit Court of the United States for the District of Nebraska against Lucian Woodworth and others to foreclose a mortgage given by Woodworth and his wife to said company, upon certain real estate situated in the State of Nebraska. A decree on said bill was entered on December 3, 1896, in said Circuit Court, foreclosing the mortgage, directing that a master in chancery of the court sell the premises, and upon confirmation of the sale by the court execute a deed to the purchaser, and ordering that the purchaser of the premises at said sale be put in possession thereof, and that any of the parties to said cause who might be in possession of said premises, or any person claiming under them or either of them, should deliver possession to the purchaser on production of the master's deed of said premises and a certified copy of the order confirming the report of said sale, after such order had become absolute. On February 14, 1898, said real estate was sold by the master under said decree and was purchased at said sale by the Northwestern Mutual Life Insurance Company for $39,152, a sum less than the amount of the debt secured by the mortgage and the costs in the suit. The master made his report of sale to the court on February 15, 1898. On March 15, 1898, said Circuit Court confirmed said report of sale, directed that the master convey said real estate to the purchaser at said sale, awarded a writ of possession to put said purchaser in possession thereof and rendered a deficiency judgment for the sum of $2696.90 and interest in favor of the Northwestern Mutual Life Insurance Company and against said Woodworth. On March 30, 1898, said Woodworth was allowed an appeal from this order of confirmation to the United States Circuit Court of Appeals for the Eighth Circuit and thereafter, on April 8, 1898, he filed his appeal bond in the sum of $5500 with Frank D. Brown and George N. Clayton as sureties thereon, which bond was conditioned for the payment of 'all damages and costs which it (the Northwestern Mutual Life Insurance Com-

pany) may incur by reason or on account of said appeal,' and worked a supersedeas of the order of confirmation. The United States Circuit Court of Appeals on January 24, 1899, affirmed said order of confirmation of sale, and on March 29, 1899, its mandate was duly issued to, and filed in said Circuit Court. On June 19, 1899, the deficient judgment and the costs taxed in said cause in the United States Circuit Court of Appeals were fully paid and satisfied. On September 16, 1899, the defendant in error, The Northwestern Mutual Life Insurance Company, filed its petition in said Circuit Court against Lucian Woodworth, and the sureties on said appeal bond, Frank D. Brown and George N. Clayton, alleging, among other things, that the possession and use of said real estate was withheld from said company by reason of the superseding of the order of March 15, 1898, during the pendency of the appeal therefrom, that the value of such use and possession during the pendency of said appeal amounted to $3750, and praying that Woodworth and the sureties Brown and Clayton be cited to appear and show cause why judgment should not be summarily entered against them for said $3750 and interests and costs. On September 16, 1899, an order to show cause against said Woodworth, Brown and Clayton was made on said petition as prayed for therein, and on October 2, 1899, they filed their showing in resistance to said petition, alleging that ' damages for the rents and profits of the premises, or use and detention thereof pending appeal, are not recoverable on a supersedeas bond, and that the bond in question was not given as security, or for the payment of rents and profits, or the use or detention of the property pending appeal' and praying for the dismissal of said petition. On December 9, 1899, said Circuit Court entered a judgment and decree against the plaintiffs in error, Woodworth, Brown and Clayton, as prayed for in said petition. Afterwards, in due season, to wit, on January 31, 1900, said last named judgment and decree having been rendered on December 9, 1899, the record in the proceedings on said petition was removed by writ of error and also by appeal to the United States Circuit Court of Appeals for the Eighth Circuit, where it still remains, the cause being as yet undecided.

" And the said United States Circuit Court of Appeals hereby certifies, that to the end that it may properly decide said case, it desires the instruction of the Supreme Court of the United States upon the following question or proposition of law arising therein which is duly raised and presented by the record in said case, said question being as follows :

" Is the obligee in a bond which supersedes an order confirming a sale of real estate and directing the immediate execution of a deed and delivery of possession thereof to the purchaser, entitled after that order has been affirmed on the appeal, to recover as damages for the breach of the obligation of the bond the value of the use and possession, that is to say in this case, the rents and profits of the real estate during the time the purchaser is kept out of the possession and use of the real estate by the supersedeas bond and the appeal in which it was allowed ? "

*Mr. John N. Baldwin* for plaintiffs in error and appellants.

*Mr. Howard Kennedy, Jr.,* for defendant in error and appellee.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

The question propounded is to be considered in view of the following facts : The property affected by the sale under foreclosure was situated in the State of Nebraska, the bond in question was given in a judicial proceeding in a court of the United States, and—as stated by counsel for plaintiff in error in argument—upon the affirmance of the order of confirmation by the appellate court, a deed was issued to the purchaser at the sale under foreclosure and demand was made by him for payment of the rents, issues and profits sought to be recovered by the action at bar.

As said by this court in *Nalle* v. *Young*, 160 U. S. 624, 637, in an equity foreclosure in a Circuit Court of the United States, the requirements of the state law should be complied with and

the forms of proceedings thereby prescribed pursued as nearly as practicable. This appears to have been done in the foreclosure proceedings under review, the decree of confirmation of the sale not purporting to vest title in the purchaser but containing a direction for the execution and delivery of a deed. A reference to the statutes of Nebraska, regulating sales under foreclosure, and to the decisions of the courts of that State will conduce to an ascertainment of the nature of the right or title, if any, vested in a purchaser under a sale thus confirmed.

By section 497a of the Code of Civil Procedure of Nebraska, it is provided that the owner of any real estate against which a decree of foreclosure has been rendered, or upon which an execution has been levied to satisfy a judgment or decree of any kind, may redeem the same from the lien of such decree or levy at any time before the sale of the same shall be finally confirmed. Section 498 provides for the examination and confirmation of such sale by the court. Section 499 provides that, upon the confirmation of a sale made of real estate sold on execution, the sheriff or other officer who made such sale shall make to the purchaser of such real estate as good and sufficient a deed of conveyance for the property or land sold as the person against whom such writ of execution was issued could have made of the same at the time the land became liable to the judgment, or at any time thereafter. And section 500 provides, among other things, that the deed so made shall vest in the purchaser as good and perfect an estate in the premises as was vested in the execution debtor at or after the time when the land became liable for the satisfaction of the judgment.

Construing these sections of the code, the Supreme Court of Nebraska, in *Yeazel* v. *White*, (1894) 40 Neb. 432, held that the owner of real estate sold on execution retains the legal title thereto, and is entitled, in his own right, to the possession, rents, profits and usufruct of such real estate, until a final confirmation of the sale. In the course of the opinion the court said:

"In *Bank* v. *Green*, 10 Neb. 130, Lake, J., speaking for this court, said: 'Under our law governing sales of real property on execution, the title of the purchaser depends entirely upon

the sale being finally confirmed, and until this is done the rights of the execution debtor are not certainly divested.' And in *Lamb* v. *Sherman*, 19 Neb. 681, Maxwell, C. J., speaking for this court, on that subject, said : ' A purchaser at execution sale of real estate upon the payment of the purchase money and confirmation of the sale becomes the equitable owner of the property, and in a proper case may compel the issuing of a sheriff's deed to himself.'"

In *Clark & Leonard Investment Co.* v. *Way*, (1897) 52 Neb. 204, the following among other facts were presented for the consideration of the court: A junior mortgagee, one of the defendants in a foreclosure suit instituted by a prior mortgagee to foreclose such prior mortgage as respected unpaid interest and the amount of certain taxes which had been paid by the prior mortgagee, became the purchaser at the sale made under the decree of foreclosure. The sale was confirmed by the court. Thereupon the mortgagor defendants appealed from the order of confirmation of sale, but, after the case was pending in the appellate court for about a year, the appeal was voluntarily dismissed. Thereafter, upon the hearing of a motion to require the purchaser to complete his bid, it was held—and the decision in this particular was affirmed by the Supreme Court of Nebraska—that on the dismissal of the appeal from the order confirming the sale the "title" of the purchaser related back, for all purposes, at least to the time of such confirmation, and the purchaser from that time was the owner of the property and liable for subsequent taxes and interest on the prior mortgage encumbrance. Further, it was said by the court : " Undoubtedly the purchaser is entitled to an accounting for rents in such a case from the time of confirmation."

The authorities just reviewed seem to be decisive of the proposition that by the local law of Nebraska, in a case like that at bar, where, upon confirmation of a sale under a decree of foreclosure, the sale is treated as perfected, credit is given to the purchaser mortgagee upon the mortgage indebtedness then due, and judgment passes for a deficiency, but the delivery of a deed is prevented, by the prosecution of an unfounded appeal from the order confirming the sale, the affirmance by the

appellate court of the order of confirmation of the sale and the deed subsequently executed vest in the purchaser, by relation, as of the time of the confirmation of the sale, as well the legal as the equitable title to the land, with the right to the rents, issues and profits which accrued after the confirmation of the sale. The cases of *Orr* v. *Broad*, 52 Neb. 490; *Clark* v. *Missouri, Kansas & Texas Trust Co.*, 59 Neb. 539, and *Huston* v. *Canfield*, 57 Neb. 345, are, however, cited as sustaining a contrary doctrine to that just announced, but, on careful examination, they will be found not to do so. In each case the right of a mortgagor to the possession of the land and the rents and profits thereof was declared to continue *until the confirmation of a sale on foreclosure*. True, in the first two cases, the right of a purchaser at a sale under execution of a debtor's interest in land, encumbered by mortgage, to the possession of the land and the rents and profits, as against a mortgage, was in effect declared to be dependent upon the acquisition of the legal title, by the delivery to the purchaser of a deed of the premises, following the confirmation of the sale. In each of the cases, however, a deed had regularly issued, and there was no claim that the mortgagor or debtor had wrongfully interfered with the passing of the legal title. There was consequently no occasion for considering or applying the doctrine of relation.

It is, however, strenuously insisted that in *Philadelphia Mortgage & Trust Co.* v. *Gustus,* 55 Neb. 436, broad expressions were used in the opinion announced by the court which do not harmonize with the reasoning contained in the opinion in *Clark* v. *Way.* But we do not need to pass on this contention. The point for decision in the *Gustus* case was whether, under the statutes of Nebraska, the judgment debtor possessed the right to redeem from a foreclosure sale during the pendency of an appeal from the order of confirmation of the sale, and the Nebraska court, in holding that the right to redeem might be exercised during the pendency of the appeal, said:

" The appeal and bond, if they did not vacate the order of the District Court, superseded, suspended or rendered it inoperative. The purchaser acquired no rights, and the applicant was

not divested of his title to and rights in the land. *Tootle* v. *White*, 4 Neb. 401; *Bank* v. *Green*, 8 Neb. 297; *Bank* v. *Green*, 10 Neb. 133. All things remained as before the sale and subsequent order of the District Court, and will so remain and exist until a decision in and by this court of the matter appealed. The order of the District Court, by the perfection of the appeal, became ineffectual as to all other purposes for which it was made, and it certainly does not seem unfair to say that it was not of force or effect as against the right to redeem, nor does it appear unwarranted to construe the section of the code in its reference to time to have indicated the date when the order shall become forceful and of full operation, which it cannot until this court has so decreed."

Nowhere, however, in the opinion was any allusion made to the prior decision in *Clark* v. *Way*, which we are constrained to think would have been done if the grounds for the decision in the latter case and the reasoning of the opinion in that case were deemed to be destructive of the ruling made in the earlier case. The court in the *Gustus* case was dealing with a judgment debtor who was seeking the benefit of a remedial statute. We entertain no doubt that if the Supreme Court of Nebraska was called upon to determine whether or not a judgment debtor who had taken an unfounded appeal might rightfully retain the rents and profits which he had collected while in possession of the property during the pendency of such appeal, it would, in order to prevent injustice, apply the doctrine of relation, as was done in *Clark Co.* v. *Way*, and hold that the affirmance of the order of confirmation of the sale related back and gave efficacy to the original order of confirmation, as of its date, and vested in the purchaser, from that time, at least, the equitable title to the land sold and an equitable right to the thereafter accruing rents and profits.

The claim in the case at bar is for the rents and profits of the land, which accrued and were collected by the mortgagor after the entry of the order of confirmation of the sale. Upon general principles, independent of the decisions of the courts of Nebraska, we would be constrained to hold that, under the circumstances present in the case at bar, as we have heretofore

detailed, the purchaser acquired as against the mortgagor, by relation, both the legal and equitable title to the land purchased, at least as of the date of the order of confirmation of the sale. This being the case, we come to consider the question as to whether recovery may be had upon a supersedeas bond given in a judicial foreclosure proceeding pending in a court of the United States, of the rents and profits which accrued and were collected by the judgment debtor after the confirmation of the sale of the mortgaged property.

It has been strenuously urged that a negative answer to the question just stated is rendered necessary by the decision of this court in *Kountze* v. *Omaha Hotel Co.*, 107 U. S. 378. This contention is based upon the following grounds: 1, That no distinction can logically be made between an appeal from an order confirming a sale had under a decree in foreclosure, as in the case at bar, and an appeal from a decree ordering a sale, as in the *Kountze* case; and, 2, That the mortgagor, after the sale of the land under a decree in foreclosure, is the owner of the rents and profits of such land until final approval by the court of the sale and the execution and delivery of a deed by the master. Of course, if the assumption existing in the second ground be correct, that is, that the mortgagor, despite the confirmation of the sale, is entitled in his own right to the rents and profits subsequently accruing, there would be plausibility in the claim that there was no logical distinction between an appeal from a decree of sale and an appeal from an order of confirmation of the sale. But the assumption in question, as we have shown, is not well founded, and this being the case, it results that there is a substantial distinction in the character of the two classes of decrees. In the one case, the title to the land, both legal and equitable, continues in the mortgagor; in the other, at least the equitable title to the land and its rents, issues and profits vested in the purchaser by the sale under the decree at the time of the confirmation of such sale. In this aspect, following the reasoning in the *Kountze* case, the appropriation by the mortgagor, during the pendency of a wrongful appeal by such mortgagor from the order confirming the sale, of the rents, issues and profits of the land, which equitably

belonged to the purchaser, was "damage" within the meaning of the statute and the condition of the bond. True, in the *Kountze* case the mortgagee purchaser was denied the right to recover the rents and profits which had been collected by the mortgagor intermediate the decree of sale and the actual sale of the property. But this was, because the appeal was from a decree ordering a sale, and it was held the mortgagor was not divested of the right to collect and retain the rents and profits of the land before a final determination of a right to sell and a sale made accordingly. The taking by the mortgagor of that which belonged to him and not to the mortgagee it was decided did not constitute an injury to the latter. The court, however, in its reasoning, made plain the fact that where, as in the case at bar, the real owner of the rents and profits of real estate, in whom the legal as well as equitable title had become vested before action brought upon the bond, was the party for whose benefit the bond on appeal was given, and the effect of the giving of such bond was to enable the mortgagor, the principal in such bond, to appropriate rents, issues and profits of the land during the pendency of the appeal, which equitably belonged to the purchaser, that appropriation constituted "damage" to the obligee in the bond, within the meaning of the condition for payment of "all damages and costs which it may incur by reason or on account of said appeal."

*The question certified must be answered in the affirmative, and it is so ordered.*

MR. JUSTICE HARLAN and MR. JUSTICE BREWER took no part in the decision of this cause.