UNITED STATES FIDELITY & GUARANTY COMPANY V. HENRY RIECK.

FILED APRIL 5, 1906. No. 14,159.

Foreclosure: APPEAL: SUPERSEDEAS. A surety on a waste bond given to supersede an order of confirmation of sale in a foreclosure proceeding is not liable to the mortgagee, nor to the purchaser at the sale, for taxes assessed against the property pending the final confirmation of the sale in the supreme court.

ERROR to the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Reversed and dismissed.*

*McGilton, Gaines & Storey,* for plaintiff in error.

*Charles Battelle* and *William Baird & Sons, contra.*

OLDHAM, C.

This was an action by the purchaser at a mortgage foreclosure sale against the surety on an appeal bond to recover the amount of the taxes which accrued pending the appeal from the order of confirmation in the supreme

court.    There was a judgment for the plaintiff in the court below, and to reverse this judgment defendant brings error to this court.

The sole question presented is whether or not the sureties on a bond for appeal from a confirmation of a sale of real estate are liable for the taxes assessed against the property pending the appeal.    The condition of the bond for appeal in such cases, before the amendment of 1903, was that, if the defendant "will prosecute such appeal without delay, and will not during the pendency of such appeal commit, or suffer to be committed, any waste" on the real estate in controversy, then this obligation to be void, otherwise to remain in full force and effect.    The bond was executed on the 6th day of March, 1901, and on December 3, 1902, this court affirmed the order of the district court.    When the mandate was returned the purchaser at the sale received his deed, and paid the taxes which had accrued pending the appeal, and brought this action against the surety on the bond to recover the amount of the taxes so paid.    There was no allegation that the appeal was not prosecuted diligently, the sole contention being that defendant is liable for waste because of his failure to pay taxes pending the appeal.

In determining the question as to whether or not a mortgagor in possession is liable to the mortgagee, or a purchaser at a foreclosure sale, for taxes accruing prior to the final confirmation of the sale, it is necessary to determine the rights and liabilities of each to the other under the laws of this state.    In the first place, it is the property and not the person that is liable for taxes on realty in this state.    In the second place, in this state a mortgage is treated as a security for the debt, and the title to the real estate remains in the mortgagor until final confirmation of the sale.    Both of these propositions are too well established to require the citation of any authorities, so that if there be any liability to the plaintiff on the appeal bond declared upon it is for a breach of the condition against waste pending the appeal, or, stated

differently, because the failure to pay taxes by the mortgagor while in possession pending the final confirmation of the sale constitutes a permissive waste of the inheritance. The term waste, as used in the statute, and in the bond given in conformity with the provisions of the statute should be construed according to its accepted legal significance. In 1 Blackstone, Commentaries (Chitty's ed.), p. *284, the definition of the term is: "Waste is a spoil or destruction in houses, gardens, trees, or other corporeal hereditaments to the disherison of him that hath the remainder or reversion in fee simple or fee-tail." In 4 Pomeroy, Equity Jurisprudence (3d ed.), sec. 1348, the term is defined as follows: "Waste is the destruction or improper deterioration or material alteration of things forming an essential part of the inheritance, done or suffered by a person rightfully in possession by virtue of a temporary or partial estate—as, for example, a tenant for life or for years." In 1 Washburn, Real Property (4th ed.), p. *108, it is said: "But whatever the act or omission is, in order to its constituting waste, it must either diminish the value of the estate, or increase the burdens upon it, or impair the evidence of title of him who has the inheritance. Waste, in short, may be defined to be whatever does a lasting damage to the freehold or inheritance, and tends to the permanent loss of the owner of the fee, or to destroy or lessen the value of the inheritance." An action to recover for waste, within the meaning of any of these generally accepted definitions, must be brought by the owner of the fee for some act of omission or commission done by one in possession under an inferior estate, or by a mortgagee or other lien holder to protect his security, or recover for an injury thereto, where the security would be or is rendered inadequate by the commission of such waste. Now, while the mortgagor remained in possession of the mortgaged premises pending the final confirmation of the sale, he was then holding as owner of the fee, with a right to redeem at any time before the sale

was finally confirmed and the deed ordered, and his position toward the mortgagee and the purchaser at the foreclosure sale was that of a debtor to a creditor, and not that of one in possession by an inferior estate to the remainderman or the owner of the inheritance.

If the security was inadequate the plaintiff had his remedy by application for a receiver to collect the rents and profits of the mortgaged premises pending the final determination of the appeal. But, instead of availing himself of this remedy, he has chosen to sue the surety on the appeal bond for a breach of the conditions against waste, and, in our view, he cannot recover, because the action of waste must be founded upon the violation or nonperformance of some duty or obligation that the person in possession owes to the owner of the inheritance. A tenant for years might by the terms of his lease owe the duty of paying taxes to the landlord, but in the absence of a stipulation to that effect in the lease such duty would not attach. Between the remainderman and a tenant for life it is universally held that it is the duty of the tenant for life to pay the taxes on the inheritance, and that on the neglect of the tenant for life to do so an action in the nature of waste may be maintained against him by the remainderman. This right, however, is founded on the reciprocal duties existing between a tenant for life and the owner of the inheritance. But, as before pointed out, the relationship of remainderman and tenant of an inferior estate does not exist between mortgagee and mortgagor under the laws of this state. In *Kersenbrock v. Muff*, 29 Neb. 530, it was held that the mortgagee could not maintain a personal action against the mortgagor for taxes paid by the mortgagee. The opinion says:

"While the payment under the mortgage created a lien in favor of the plaintiff on the mortgaged premises for the amount, it did not establish the relation of debtor and creditor. The mortgagee cannot look beyond the land and enforce the amount paid for taxes by a personal judgment against the mortgagors."

This conclusion is supported by the holdings in *Clark & Leonard Investment Co. v. Way,* 52 Neb. 204, and *Woodworth v. Northwestern M. L. Ins. Co.,* 185 U. S. 354. .

We therefore recommend that the judgment of the district court be reversed and the cause remanded, with directions to the court below to dismiss the plaintiff's petition.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded, with directions to the court below to dismiss the plaintiff's petition.

REVERSED.