MacDONALD et al. v. WINFIELD CORP et al.

Civ. A. No. 8708.

United States District Court
E. D. Pennsylvania.

March 6, 1952.

610

Milton M. Gottesman, Washington, D. C., Henry Temin, Philadelphia, Pa., Robert L. Wright, Washington, D. C., for plaintiff.

Wm. Barclay Lex, Norris, Lex, Hart & Eldredge, Raymond J. Bradley, and Owen B. Rhoads, all of Philadelphia, Pa., for defendants.

KIRKPATRICK, Chief Judge.

The plaintiff obtained an injunction ordering the defendant to turn over to it certain patents and documents and forbidding the defendant to carry on certain business practices, D.C., 93 F.Supp. 153. The defendant appealed and obtained a stay of the mandatory portions of the injunction by filing a supersedeas bond. The condition of the bond was that the defendant "shall satisfy the said judgment in full together with costs, interest and damages for delay if said appeal is dismissed or if the judgment is affirmed." The decree of this Court was affirmed. The defendant now seeks an order satisfying the judgment and discharging the supersedeas bond upon turning over to the plaintiff the patents and documents specified in the decree. The plaintiff resists, claiming damages for the delay in turning over the patents and documents to it.

It seems to be settled that where a case involves the possession of real estate and the decree of the trial court directs immediate execution of a deed and delivery of possession, the word "damages" in the condition of the supersedeas bond includes rents and profits accruing from the time when the appellee became entitled to the property by the decree of the lower court. See Woodworth v. Northwestern Mutual Life Ins. Co., 185 U.S. 354, 22 S.Ct. 676, 680, 46 L.Ed. 945, in which the Supreme Court ruled that appropriation of "rents, issues, and profits of the land during the pendency of the appeal, which equitably belonged to the purchaser * * * constituted 'damage' to the obligee in the bond, within the meaning of the condition for payment of 'all damages and costs which it may incur by reason or on account of said appeal.'" Also, In re Estate of Gleeson, 192 Pa. 279, 43 A. 1032 (decree in ejectment).

Here, instead of real property, this Court's decree required the delivery of certain patents and documents which, it found, the defendant was unlawfully retaining. Like real estate, a patent is income-producing property, and royalties which may be obtained from others using it are the equivalent of the rents and profits of land. Although no case has been cited to me in which the subject matter of the decree was a patent, I can think of no logical reason for holding that the word "damages" in a bond which, admittedly, is broad enough to cover the deprivation of the owner of real estate of rents, would not cover the deprivation of a patentee of royalties under his patent.

The defendant relies chiefly on the decision of the Circuit Court of Appeals for the Third Circuit in Spruks v. United States Fidelity & Guaranty Co., 138 F.2d 812, and it points out that, as in the Spruks case, the mandate of the Court of Appeals in the present case did not specifically award damages for delay.

It is true that the Court, in the Spruks case, said, citing In re Washington and Georgetown Railroad Co., 140 U.S. 91, 11 S.Ct. 673, 35 L.Ed. 339, that the fact that the judgment of the appellate court merely affirmed the judgment of the lower court (which made no mention of interest) with costs and said nothing about interest, is to

be taken as a declaration of the appellate court that, upon the record as presented to it, no interest was to be allowed.

But the fact that the appellate court had not, in its decree of affirmance, added interest was only part of the basis on which the decision in the Spruks case was placed. The important thing was the nature of the proceeding in the court below. The Circuit Court of Appeals pointed out that the appeal was not from an ordinary judgment against the debtor but from a decree awarding a fund in the registry of the court to the person entitled to it. Originally, the dispute was about the title to a pile of coal. The fund was created by permitting one of the claimants to sell the coal from time to time and pay the money into court, until the amount of a landlord's levy upon the coal had been equalled. That was all done by agreement of all the parties, who also consented to the order of the District Court placing the money in the registry. Everyone understood that the fund was where it would not be producing income, and it was as clear as anything could be that the District Court's award was of a sum certain, with the plain intent that interest should not be added. In other words, both the Circuit Court of Appeals and the District Court evidently recognized that the procedure, agreed to by all parties, fully discharged all obligations in connection with interest or damages arising from the detention of the fund or by reason of delay in ultimately paying it to the party entitled to it.

Of course, no comparable procedure or situation exists in the present case. The decree of this Court awarded the patents to the plaintiff and directed their transfer to it within 30 days from the date of the judgment. When this judgment was stayed by the supersedeas bond, the patents remained in the defendant's possession and were, or could have been, used by it to its own profit during the period of the appeal. The Spruks case is, in my opinion, fundamentally different from the present one and it does not require a ruling in favor of the defendant here.

The bond in the present case specifies damages "for delay" whereas the bond in the Spruks case was merely for "all" damages, but I do not think that the wording in the bonds is a matter of great importance and do not place my decision upon that ground. The defendant's argument that the damages "for delay" mentioned in the bond in this case refers only to the kind of damages which the appellate court may award, in the nature of a penalty, in cases of vexatious and frivolous appeals is, I think, not well taken. True, the appellate court has discretion to award such damages and if it does not the lower court may not do so. However, the appellate court has this power by statute, 28 U. S.C.A. § 1912, and could exercise it without regard to the terms of the supersedeas bond, and in John Hancock Mutual Life Ins. Co. v. Hurley, 1 Cir., 151 F.2d 751, 756, the Court said, "But it does not follow from this that, where a supersedeas bond has been given, the district court may not proceed either in a summary proceeding or in an independent suit on the supersedeas bond, to give judgment against the principal and surety for the amount of the provable damages resulting from the taking of an unfounded appeal, in accordance with the undertaking of the bond." The defendant's argument amounts to saying that the addition of the words "for delay" restricts the damages provided for in the bond to such as may be awarded by the appellate court as a penalty. I can find nothing to indicate such an intention.

As I have said, it is difficult to make a distinction between interest on a judgment, which amounts to damages for the withholding of money, and the value of rents and royalties, which is damages for the withholding of property. However, I do not believe that the Circuit Court of Appeals in the Spruks case intended to rule generally on the question of interest on money as "damages" within the meaning of a supersedeas bond. I think that that decision was based upon the fact that the entire record before the Court showed that by both the decree of the District Court

612

and the order of the Circuit Court of Appeals, interest on the particular fund involved was, under the circumstances of that case, not to be allowed.

The rule is discharged.