## NEW DUNDERBERG MIN. CO. v. OLD et al.

(Circuit Court of Appeals, Eighth Circuit. October 9, 1899.)

### No. 1,143.

1. JUDGMENT—MATTERS CONCLUDED.

A judgment in ejectment, adjudging plaintiff entitled to possession of a vein of ore, and which necessarily determined that the apex of such vein was within the boundary of plaintiff's claim, is conclusive of such fact in a subsequent action between the same parties to recover the value of ore alleged to have been taken from such vein by defendant.

2. INTEREST—ACTION FOR CONVERSION.

Generally, when one has wrongfully converted the money or property of another, interest at the legal rate on the money, or on the value of the property, is recoverable from the date of the conversion, and it is practically immaterial whether it is allowed as interest or as damages.

3. SAME—CONVERSION OF ORE—INTEREST.

The decisions of the supreme court of Colorado, followed by those of the supreme court of the United States, have established the rule that in actions for mining and converting ore and in actions for the conversion of personal property the injured party may recover, under the statutes of that state, not only the value of the property converted, but also a sum

equal to legal interest thereon from the time of the conversion; and this rule applies although the damages sued for are unliquidated.

**4. SAME—UNLIQUIDATED DAMAGES.**
A defendant whose lessee mined and converted ore owned by plaintiff upon which defendant received royalties, the exact amount of which was shown by its books, although unknown to plaintiff, cannot avoid the payment of interest on such amount, when recovered in an action for the conversion, on the ground that the claim was unliquidated, and plaintiff claimed more than was actually due.

**5. SAME—PLEADING—PRAYER FOR INTEREST.**
In an action for conversion, where plaintiff's prayer for damages largely exceeded the amount recovered, he may recover interest, although not specifically demanded in the prayer.

**6. TRIAL—EXCEPTIONS TO INSTRUCTIONS.**
An exception to an entire charge is unavailing if the charge contains any correct and pertinent statements of fact or declarations of law, and an exception to the refusal of a series of instructions asked is equally unavailing where any of them are erroneous or inappropriate.

In Error to the Circuit Court of the United States for the District of Colorado.

Willard Teller and R. S. Morrison (Harper M. Orahood, on the brief), for plaintiff in error.

Jacob Fillius and Edwin H. Park, for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This was an action for mining and converting ore which the plaintiff in error, the New Dunderberg Mining Company, took from those portions of certain underground levels specified in the complaint which were within the side lines, extended vertically downward, of a mining claim of the defendants in error, Robert O. Old and Ellen Old. Two errors are assigned. They are that the court refused to permit the plaintiff in error to prove that the apex of the vein from which it took this ore was not found within the side lines of the claim of the defendants in error, but was situated without those lines, and within the lines of an adjoining claim, owned by the Dunderberg Company, and that the court instructed the jury that defendants in error were entitled to interest on the value of the ore converted from the time of its conversion to the time of the rendition of the verdict.

The ground of the first ruling was that the issue which the proffered testimony tendered was res adjudicata. When this ruling was made, the defendants in error had pleaded and proved that they had previously brought an action and had recovered a judgment in ejectment against the New Dunderberg Mining Company for the mine from which this ore was taken, and that this judgment had been affirmed in this court. Mining Co. v. Old, 49 U. S. App. 201, 25 C. C. A. 116, and 79 Fed. 598. In their complaint in the action of ejectment the Olds had alleged that ever since 1894 they had been the owners of, and had been entitled to, the Frostberg lode mining claim, and to every vein which had its apex within the exterior boundaries of that claim; that the New Dunderberg Company had entered into the possession of the Frostberg lode and the vein thereof, and upon a vein or lode the top or apex of which was within the exterior boundary

of survey lot No. 111, by means of underground workings from an adjoining claim, and had ousted them therefrom. The Dunderberg Company had answered that the Olds never were the owners or entitled to the possession of the Frostberg lode, that the Dunderberg Company had never unlawfully withheld the possession of it, and that the Olds were estopped from claiming the title or possession of it by reason of certain transactions between Robert O. Old and the grantee of the Dunderberg Company. The Olds had filed a replication in which they denied the estoppel. There was a trial of the issues presented by these pleadings, and the judgment was that the Olds should recover possession of the Frostberg lode mining claim survey lot No. 111, which was carefully described by metes and bounds, "and of that certain vein or lode having its top or apex in those certain shafts known and called 'McAfee Shaft,' 'Rowe Shaft,' and 'Turpin Shaft,' and all situate within the Frostberg lode mining claim survey lot No. 111, and being the same vein or lode disclosed in the Tyler level, No. 6 level, D, C, B, and A levels (except north fork of B level), wherever they intersect or penetrate into the said Frostberg lode survey No. 111, though the said vein or lode may, in its downward course, so far depart from the perpendicular as to extend outside the vertical side lines of said survey lot No. 111." In other words, the averment of the complaint was that the defendants in error owned the Frostberg claim, that the lode or vein which the Dunderberg Company worked had its apex within that claim, and that the Dunderberg Company had entered upon it underground, and had held possession of the ground where it had been found. The answer denied the ownership of the Olds, and denied that the Dunderberg Company had wrongfully entered, or wrongfully withheld the possession of, the property. These denials were surely broad enough to raise the issue, and to admit the defense that, while the places from which the ore was taken were within the vertical side lines of the Frostberg claim, it was taken from a vein whose apex was without those lines, and within the lines of the Dunderberg Company's claim; and this would have been a complete defense to the action of ejectment, because the Dunderberg Company was still in the possession of the levels when that action was commenced. The judgment in the ejectment suit demonstrates the fact that this issue was presented and that it was determined in that action. It expressly adjudges that the Frostberg vein or lode has its apex in the Frostberg claim, that it is the vein disclosed in the levels from which the ore here in controversy was taken, and that the Olds are the owners and are entitled to the possession of all those parts of the levels in question which have intersected or penetrated into the Frostberg mining claim survey No. 111. This concludes the discussion of this question between these parties. It estops the Dunderberg Company from again litigating the issue whether the apex of the vein from which it took the ore in the Frostberg claim was within or without the lines of that claim, and the trial court properly excluded the evidence upon this question. In an action between the same parties upon the same claim or demand, a judgment upon the merits is conclusive, not only as to every matter offered, but as to every admissible

matter which might have been offered to sustain or defeat the cause of action. In an action between the same parties upon a different claim or demand, the prior judgment is an estoppel as to all those matters in issue or points of controversy upon the determination of which the finding or verdict was rendered. Cromwell v. Sac Co., 94 U. S. 351, 352; Board v. Platt, 49 U. S. App. 216, 223, 25 C. C. A. 87, 91, and 79 Fed. 567, 571. Conceding that this action of conversion is based upon a different claim from that upon which the action of ejectment was founded, still the judgment in the latter action could not have been lawfully rendered without a determination of the issue, which was fairly open under the pleadings, whether or not the apex of the vein from which the ore within the Frostberg claim was taken was within its lines. The court below committed no error in its ruling upon this subject.

The damages recovered in this case consist of the royalties which the Dunderberg Company had received from ore removed from this mine by its lessees prior to February 15, 1894, when they were enjoined from taking more, and interest on the amount of these royalties from that date. It is assigned as error that the court instructed the jury that the defendants in error were entitled to this interest. It is said that this charge was erroneous, because the recovery of interest in a case of this character was unauthorized by the statutes of Colorado; because the damages sought were unliquidated, and no interest can be allowed on unliquidated damages; because the allowance of interest as damages is discretionary with the jury, and it was not the province of the court to direct its recovery; and because the complaint contained no prayer for interest. It is a general and just rule that, where interest is reserved in a contract, or is implied from the nature of the promise, it is recoverable of right; and that, when property or money has been wrongfully appropriated or converted by a defendant, interest should be given as damages to compensate the complainant for the loss of the use of the proceeds of his property or of his funds. In cases of the latter class its allowance is sometimes a matter of discretion, but generally, whenever one has wrongfully detained or misappropriated the money of another, he ought to pay and must pay interest at the legal rate from the date of the misappropriation, or from the beginning of the detention. Cooper v. Hill, 36 C. C. A. 402, 94 Fed. 582; Redfield v. Iron Co., 110 U. S. 174, 176, 3 Sup. Ct. 570; U. S. v. North Carolina, 136 U. S. 211, 218, 10 Sup. Ct. 920; Jourolmon v. Ewing, 47 U. S. App. 679, 686, 26 C. C. A. 23, 27, and 80 Fed. 604, 607; U. S. v. Pine River Logging & Improvement Co., 61 U. S. App. 69, 32 C. C. A. 406, and 89 Fed. 907; 1 Sedg. Dam. §§ 301, 303. A statute giving express authority therefor is not indispensable to the recovery of interest for the wrongful detention of money or of the value of converted property, and where no such statute exists a reasonable rate of interest conforming to the custom of the locality will be given by way of damages. Young v. Godbe, 15 Wall. 562; Beckwith v. Talbot, 2 Colo. 639, 650. When interest is recoverable as damages, the result is the same, whether it is given under the one or the other name, and hence it is error without prejudice that it is allowed as interest

when it should have been allowed as damages. McCreery v. Green, 38 Mich. 172. Repeated decisions of the highest judicial tribunal of the state of Colorado, followed by those of the supreme court of the United States, have established the proposition that in actions for mining and converting ore and in actions for the conversion of personal property the injured party may recover, under the statutes of that state, not only the value of the property converted, but also "a sum equal to legal interest on the same from the time of the conversion." Mills' Ann. St. Colo. 1891, §§ 2251, 2252; Refining Co. v. Tabor, 13 Colo. 41, 59, 21 Pac. 925; Machette v. Wanless, 2 Colo. 170; Sutton v. Dana, 15 Colo. 98, 25 Pac. 90; Perkins v. Marrs, 15 Colo. 262, 266, 25 Pac. 168; Sylvester v. Craig, 18 Colo. 44, 48, 31 Pac. 387; Cattle Co. v. Mann, 130 U. S. 69, 79, 9 Sup. Ct. 458. This is the established rule in other jurisdictions. Dows v. Bank, 91 U. S. 618, 637; Harrison v. Perea, 168 U. S. 311, 324, 18 Sup. Ct. 129; Smith v. Bolles, 132 U. S. 125, 10 Sup. Ct. 39; Coulson v. Bank, 13 U. S. App. 39, 4 C. C. A. 616, and 54 Fed. 855; Lumber Co. v. Smith, 2 C. C. A. 97, 51 Fed. 63; Bradley v. Geiselman, 22 Ill. 494, 498; Railroad Co. v. Cobb, 72 Ill. 148, 153. The case of Refining Co. v. Tabor, 13 Colo. 41, 59, 21 Pac. 925, has answered the contentions of counsel for the plaintiff in error that interest may not be allowed when the damages are unliquidated, and that it is error for the court to direct the jury to give it. That case involved two actions for $25,000 and interest for converting and selling ore which had been taken from the plaintiff's mine. The amount recovered was only $18,388.12, so that the claim, when presented, was unliquidated, and yet the judgment was reversed because the court below refused to instruct the jury to add to the amount of the value of the property a sum equal to legal interest from the time of its conversion. Moreover, while, as far as the knowledge of the Olds extended, their claim was unliquidated when they brought their suit, and they prayed for a judgment for $300,000, yet the knowledge of the plaintiff in error made the claim clear, definite, and exact. It was the amount of the royalties which it had received from the ore taken from the mine of the defendants in error, and that amount was clearly disclosed upon its books of account. It could have prevented the running of interest by remitting the amount to its owners. The fact that they claimed more than was actually due them furnished no excuse to the Dunderberg Company for its failure to pay them the amount which was due, and no defense to their claim for interest for its detention. The charge of the court upon this question was just and equitable. The plaintiff in error had broken into the mining claim of the Olds, had leased their mine to third parties, and had obtained from these lessees more than $20,000 in royalties upon ore which belonged to the defendants in error. They had obtained substantially all this money prior to February 15, 1894, when they were enjoined from further working this mine. The Olds were entitled to this money at that time. The plaintiff in error detained it. The defendants in error lost the use of it. It was right and just that they should recover interest during the time when the plaintiff in error had the benefit of it, and the statutes and decisions to which we have referred furnish ample authority for its recovery.

The objection that the prayer of the complaint contained no demand for interest is not worthy of extended consideration. The prayer of the complaint was ample to warrant the recovery. It was for $300,000 damages. The amount recovered was only $31,618.82 and costs. Since it was immaterial whether the interest was recovered as damages or as interest, it was equally immaterial whether it was demanded in the prayer of the complaint as the one or the other.

In the briefs and upon the argument it was suggested that there was error in the charge upon the measure of damages, but an examination of the record discloses the fact that no exception to the instructions of the court was taken which presents this question. Counsel for the plaintiff in error requested the court to give six instructions, some of which should have been given, while others should not, and their exception was to the refusal to give them all. They also excepted to the entire charge of the court, which properly declared the law upon many of the questions in the case. These exceptions were futile, and do not present the question of the measure of the damages. An exception to an entire charge is useless if the charge contains any correct and pertinent statements of fact or declarations of law, and an exception to a refusal of a series of instructions is unavailing if any of them were erroneous or inappropriate, because in that case it was not an error to refuse to give the entire series. Price v. Pankhurst, 10 U. S. App. 497, 3 C. C. A. 551, and 53 Fed. 312; Association v. Lyman, 18 U. S. App. 507, 9 C. C. A. 104, and 60 Fed. 498; Railway Co. v. Spencer, 36 U. S. App. 229, 18 C. C. A. 114, and 71 Fed. 93; New England Furniture & Carpet Co. v. Catholicon Co., 49 U. S. App. 78, 24 C. C. A. 595, and 79 Fed. 294. The judgment below is affirmed.