**UMSTED et al. v. JOHNSON.**

**JOHNSON v. UMSTED et al.**

**Nos. 10563, 10579.**

Circuit Court of Appeals, Eighth Circuit.

July 27, 1936.

Henry Stevens, of Magnolia, Ark. (Forrest B. Jackson, of Jackson, Miss., Price & McLain, of McComb, Miss., and Green, Green & Jackson, of Jackson, Miss., on the brief), for Mandy Johnson.

J. E. Gaughan, of Camden, Ark. (T. J. Gaughan and E. E. Godwin, both of Camden, Ark., on the brief), for Mrs. Edna Umsted and others.

Before GARDNER and SANBORN, Circuit Judges, and NORDBYE, District Judge.

SANBORN, Circuit Judge.

Mandy Johnson was plaintiff in the court below; the administratrix of the estate of Sid Umsted, who died November 3, 1925, and his heirs were the defendants. The plaintiff brought a suit in equity to recover an undivided one-fourth interest in 80 acres of land in Ouachita county, Ark., and for an accounting of the royalties collected therefrom by Sid Umsted during his lifetime and by his estate since his death. The 80 acres was subject to an oil and gas lease, made in 1919, in which the lessors had reserved a one-eighth royalty in all oil and gas produced therefrom. On September 7, 1923, Sid Umsted purchased the undivided one-fourth of this tract which belonged to Jesse Johnson, together with all oil and gas rights appertaining there-

to. The plaintiff claimed Umsted bought it for her, and that in equity it belonged to her. This the defendants denied. The suit was tried, and a decree favorable to the defendants was entered. The plaintiff appealed, and this court reversed, holding that she was in equity the owner of this undivided one-fourth; that she was not entitled to recover royalties therefrom received by Sid Umsted during his lifetime, because of her failure to exhibit a claim therefor against his estate, as required by the laws of Arkansas (Crawford & Moses' Digest, § 100 et seq.); but that she was entitled to an accounting for the royalties received by the defendants since his death. We directed the court below to enter a decree in conformity with our opinion, and to conduct such further proceedings as might be necessary to make that decree effective. See Johnson v. Umsted et al. (C.C.A.) 64 F.(2d) 316. Obviously, all that remained to be done was to have an accounting and to transfer title to the plaintiff. An examination of our opinion indicates that we were dealing with the entire undivided one-fourth interest and the rents and royalties therefrom. The defendants realized this, because, after our decision was filed, they petitioned for a modification thereof, representing that more than a year before suit was filed, and without any knowledge of the claims of the plaintiff, they had conveyed to the Ouachita Valley Bank, for the benefit of C. M. Martin, "an undivided 1/8th interest in all of the oil, gas and other minerals in, under and upon the lands involved in this action, and * * * the right to collect and receive under the oil and gas lease covering said land, 1/8th of all the oil royalties due or that might become due under said lease," as in substance alleged in the separate answers of the defendants. The answers asserted no set-offs or counterclaims, and, under Equity Rule 31, the allegation of a conveyance to the Ouachita Valley Bank was to be deemed denied.

An accounting was had in the court below, which resulted in a decree that the plaintiff was entitled to $14,265.99, with interest at 6 per cent. until paid, except upon $7,668.32 thereof "heretofore paid into the registry of the court, and now subject to distribution by the court." The gross amount was made up of the following items:

"1. The amount paid into the registry of this court by the defendants in the principal sum of $4,347.07

"2. The amount paid into the registry of this court by the Standard Oil Company of La., and the Gulf Refining Company of La., in the principal sum of $3,321.25

"3. Principal amount received by defendants on the royalty interest for the months of October, November, and December, 1925, but not yet paid into the registry of this court but which shall be paid in accordance with the decree to be entered herein, $377.77

"4. Interest on the foregoing amount of $377.77 from November 1, 1925, to October 18, 1935, $221.08

"5. The value of the royalty interest which was transferred by the defendants to the Ouachita Valley Bank at the request of C. M. Martin, $3,777.60

"6. Interest thereon from January 5, 1926, to October 18, 1935, at 6% per annum, $2,221.22"

The defendants took exception to the allowance of items 3, 4, 5, and 6.

The plaintiff claimed that, in addition to what the court below allowed, she was entitled to $1,730.48 interest upon $4,347.07 paid into the registry of the court on or about October 20, 1934, and $260.82, "interest at six per cent (6%) per annum on the amount heretofore paid into the registry of this court by said defendants from October 23, 1934, until October 23, 1935."

The defendants appealed from the decree, challenging the allowance of the items they excepted to; and the plaintiff filed a cross-appeal because of the disallowance of the additional interest items.

Upon the accounting, it appeared without dispute that the defendants, on or about January 5, 1926, which was shortly after Sid Umsted's death and before this suit was commenced by plaintiff, at the request of C. M. Martin and upon his representation that it was agreed between him and Umsted that he was to have one-half of the royalties from the Jesse Johnson undivided quarter interest, conveyed such royalty interest to the Ouachita Valley Bank for Martin's benefit, and transferred to that bank $377.77, being one-half of the royalties received by the estate from the Jesse Johnson interest for the months of October, November, and December, 1925. The defendants received no tangible consideration for the conveyance and transfer, and contend that they should not be required to account to the plaintiff for what they conveyed. Whether, under other cir-

cumstances, the defendants would be relieved from rendering an account for that portion of the trust property which they innocently parted with, it is not necessary to determine. Our decision dealt with the Jesse Johnson undivided quarter as an entirety, and it was our intention that the accounting should include the royalty, which was plainly the only thing of value connected with the land. Had we been advised by the record that one-half of the royalty interest had passed out of Sid Umsted's estate and that its value was not to be recovered by the plaintiff, it is entirely possible that we would have regarded that as an unusual circumstance which would have justified us in requiring an accounting from the defendants for royalties collected by Sid Umsted during his lifetime as well as by his estate after his death. We were not, as we pointed out in our opinion, bound by the state statute of limitations, but followed it because no unusual circumstances were called to our attention which justified a disregard of it. If any point was to be made by the defendants of their disposition of one-half of the plaintiff's interest in the royalties from this land, it should have been made at the time the main issue in the suit was tried. Our decision required a full accounting for the undivided one-quarter and the royalty interest which went with it. Concededly, the value of the one-half of the royalty interest conveyed to the bank on January 1, 1926, was $3,777.60. That was what the plaintiff lost at that time by reason of the conveyance. Hence that amount with interest, we think, fairly represents what she is entitled to have to compensate her for the loss. If the defendants had converted this royalty interest, which, in effect, is what they did, its value plus interest would have been the measure of damages. New Dunderberg Mining Co. v. Old et al. (C.C.A.8) 97 F. 150, 153; United States v. Pine River Logging & Improvement Co. et al. (C.C.A.8) 89 F. 907, 919; United States v. Eccles (C.C.Utah) 111 F. 490, 493; Clarke v. Eureka County Bank (C.C.Nev.) 123 F. 922; Montana Mining Co., Ltd. v. St. Louis Min. & Mill. Co. of Montana (C.C.A.9) 183 F. 51; Drumm-Flato Commission v. Edmisson, 208 U.S. 534, 539, 28 S.Ct. 367, 52 L.Ed. 606; J. T. Fargason Co. v. Furst (C.C.A.8) 287 F. 306; Arkansas Anthracite Coal & Land Co. et al. v. Stokes et al. (C.C.A.8) 2 F.(2d) 511, 515. We think the $377.77 of royalties collected by the defendants and mistakenly paid over to the bank for Martin and the item of interest thereon stand in the same position. The misfortune arising from the conveyance to the Ouachita Valley Bank is, under the circumstances, that of the defendants, and is not to be visited upon the plaintiff. She is to be made whole as nearly as possible for what was taken from her.

There is, in our opinion, no merit in the contentions of the plaintiff with respect to the disallowance of interest on sums paid into the registry of the court for plaintiff's benefit and upon plaintiff's insistence, and apparently at the direction of the court. The sum deposited by defendants included interest up to the day they paid it in. There would be no justification for charging them with interest on this money thereafter, since they had no use of it themselves, and they were no longer withholding it from the plaintiff.

The defendants complain of the matter of costs, but do not argue the point. That matter was within the lower court's discretion.

The decree appealed from is in all respects affirmed.