Mr Justice Story
 

 delivered the opinion of'the Court.
 

 This is an appeal from a decree of thé circuit court’for the district of west Tennessee, rendered ’upon a mandate directing that court to execute a former decree of this court. The case, when formerly before this court, will be found reported in 3 Peters 210; to which reference may, therefore, be had for.a full statement of the facts.
 

 The material facts are, that the original plaintiff, Mr Grundy, in 1823 brought his bill against Robert Boyce and Richard Boyce, as executors of James Boyce deceased, for the resci-sión of a contract for the sale of .lands in the state of Mississippi, stated in the bill; and for the repayment of the sums of money paid by the plaintiff on the contract; and for a perpetual injunction of-a judgment obtained on the same contract. It appeared from the bill and answer, that Robert Boyce, alone was qualified as eXecutqr under this will; and the answer alleged that another and later will had been’ subsequently discovered, by which the whole proceeds of the land in controversy were devised to Richard Boyce, who’ was appointed sole executor thereof; but he renounced the executorship, and Robert Boyce was appoiute.d administrates, with the will annexed. Upon the hearing of the cause in the circuit court, in August 1826, it was among other things decreed, that the contract stated in the bill be in all things rescinded and annulled; and “ that the defendant, Robert., administrator of the goods, &c. of James Boyce, deceased, do pay the sum of 1250 dollars, with legal interest t.hereon at the rate of eight per centum per annum, which appears to be the. legal rate of -interest in said state of Mississippi, from the said 5th day of July 1818 until .this day, making the sum of 2065 dollars and 28 cents, to be levied of the goods, &c. of the said James in his hands, to be administered and execution issue therefor, as at law.” From this decree the defendants appealed to this (the supreme) court; and at the January term thereof 1830, the decree of the circuit court was affirmed wiih costs; nothing be
 
 *287
 
 ing said as to any allowance of damages or interest. A mandate in the usual form was issued to the circuit court, to carry the same into effect. At the September term of the circuit court 1830, in obedience to the mandate, the circuit court ordered the cause to be set down for further directions, and it ■was referred to the clerk, as master, to take an account of the assets of James Boyce in the hands of the - defendant, Robert Boyce, to be administered, and to report thereon. The master made a report at the same term, stating, in substance, that it did not appear that-any personal assets of James Boyce came to the hands of the defendants, ás his executors; but that it .did appear from the agreement between the plaintiff and the defendant, Robert Boyce, admitted to have been dated on the 23d of May 1823, and returned with the report, and from certain depositions in the Gase, that Robert Boyce had received for rents, previous to the 1st of January 1824, the sum of 2100 dollars, and that the interest thereon, from the 1st day of January 1824 to the 1st day of September 1830, at the rate of eight - per cent, will amount to 1120 dollars, making in all 3220 dollars. The report also stated, that the land in controversy was devised by James Boyce to the defendant, Richard Boyce.
 

 Upon the coming in of the master’s report, exceptions were filed by the defendant, Robert Boyce, and upon hearing the same, they were overruled, and the report was confirmed by the circuit court at the same term, except as to the 1120 dollars. And thereupon the court decreed, ‘‘that the plaintiff recover of Robert Boyce, the sum of 2100 dollars with interest from this day, to be levied of his own proper goods and chattels, &c.; and that for the balance due the plaintiff, amounting to 406 dollars and 46 cents, with interest from this time, and also- Lie aforementioned sum of 2100.dollars, in case the same is not paid by the said Robert Boyce on or before the first Monday in March next, and the costs of suit, the plaintiff has a lien, on the tract of land in the state of Mississippi, in the pleadings mentioned, and is entitled to have the same sold to satisfy the above mentioned sums’of money.” .And it then proceeded to direct-the time, manner, &c, of the sale.
 

 It is from this decree that the present appeal is taken; and various objections to it have been insisted upon in the arguments^ the bar. Some confusion arises in the oase, from the
 
 *288
 
 report pf the master: lie having stated, in one part thereof, that no assets came to the hands of the defendants as executors; and yet, in another part, having stated that the rents of, the land in controversy had come to the hands of Robert Boyce, under an agreement between the plaintiff and Robert Boyce, without stating that they had come to his hands as assets, and were now to be deemed assets of James Boyce. If, under the' agreement, these rents were received by Robert Boyce, as agent of the plaintiff, and not as executor, it is very clear that-in the present suit no decree could be had against him therefor; since he is sued only in Iris representative capacity as administrator, and therefore no decree could be rendered against him in his personal capacity. But if the -rents, under the agreement, upon the rescisión of the contract stated in the bill, and finally decreed thereon, became virtually the money of James Boyce, then they might'be properly deemed assets in the hands of the administrator, and, as such, liable to the execution of the plaintiff. And- vye are of opinion that, under all tb e circumstances, the latter is the predicament in which they are to be viewed ; and that the master ought to have reported the sum of 2100 dollars, so received, to be assets. And to this extent there is no objection to thé decree of the circuit court.
 

 A more important objection is, that the decree is not rendered againstjhe administrator, as such, payable out of the assets in his hands to be administered, or payable out of the said sum of 2100 dollars (the rents above stated); and if these assets are not sufficient, then out of the assets of his testator, quando accidereñt; but the decree is personally against Robert Boyce, for the said sum of 2100 dollars, to be levied out of his own. proper goods and chattels, &c., although no devastavit is either suggested or proved. 'We arc of opinion that the decree is erroneous in this respect, and that it. might to- have been for the amount against the administrator in his representative character, to be levied of the assets of the testator in his hands; and as to the-2100 dollars, if no such assets should be found,'then (as upon a devastavit) against the proper goods of the administrator to the same amount, with costs. In no other way can the defendant, Robert Boyce, be protected by the payment, in the course of his administration, of the assets of the testator; for it will not otherwise judicially appear, that the
 
 *289
 
 rents were treated as assets. And, besides, the decree will not otherwise conform to' the capacities and rights of the parties, according to the frame of the bill, and the original decree.
 

 Another objection is to that part of the decree, which creates a lien upon the land in controversy, lying in another state, and decrees a sale for the discharge of the lien. • We are of opinion, that the decree is erroneous in this respect. ■ In the first place, the court had no jurisdiction tp decree a sale to be made of land lying in another state, by a master acting under its own authority. In the next place, the original decree, affirmed by the supreme court, which alone the circuit court was called .upon to execute, created no such lien, and authorized no such sale. The decree was therefore, in both respects, not an execution of the former decree, but a new and enlarged decree. In the next place, the proper parties, the heirs at law or devi-sees, were not properly before the court; for though the master, in his report states, that Richard Boyce was, under the will, devisee of the lands in controversy, this was a matter extra official, and not confided to the master by the reference to him; and, if it had been, the bill itself was not framed so as to charge the devisee or seek relief against him personally, but only as representative of the deceased.
 

 Another objection to the decree is, that it decrees the sum of 496 dollars and 46 cents, intended, as is understood, (though not so-stated in the decree) as interest upon the original sum decreed in the circuit court,.viz. 2065 dollars and 28 cents, in 1826, from the time of the rendition thereof to the affirmance in the supreme court, in January term 1830. We are, of opinion that there is error, also, in this part of the decree. By the judiciary act of 1789', cb. 20, s. 23, the supreme court is authorized, in cases of affirmance of any judgment or decree, to award to the respondent just damages for his delay. And by the rules of the supreme court, made in February term 1803 and February term 1807, hi cases where the suit is for mere delay, damages are to be awarded at the rate of ten per centum per annum on the amount of the judgment, to the time of the affirmance thereof. And in cases where there is a real controversy, the damages are to be at the rate of six per cent per annum only. And in hoth cases the interest is to be computed as part of the damages. It is, therefpre, solely for the decision
 
 *290
 
 of the supreme court, whether any damages, or interest (as a part thereof), are to be allowed or not in cases of affirmance. If upon the affirmance no allowance of interest or damages is made, it is equivalent to a denial of any interest or damages; and the circuit court, in carrying into effect the decree of affirmance, cannot enlarge the amount thereby decreed ; but is limited* to the mere execution of the decree in the terms in which it is expressed. A decree of the circuit court allowing interest in such a case is, to all intents and purposes, quoad hoc, a new decree, extending the former decree. In Rose v. Himely, 5 Cranch 313, it was said, that upon an appeal from a mandate, nothing is before the court but the proceedings subsequent to the mandate; and the court refused to allow interest in that case, which was giyen by the circuit court in executing the mandate, because it was not awarded by the supreme court upon the first appeal. The same point was fully examined in the case of The Santa Maria, 10 Wheaton’s Rep. 431, 442, where the court held that interest or damages could not be given by the circuit court-in the execution of a mandate, where the same had not been decreed by the supreme Gourt upon the original appeal.
 

 For these reasons, the decree of the circuit court must be reversed ; and a new decree will be entered by this court upon the principles stated in this opinion.
 

 This cause came on to be heard on the transcript of the ré-cord, from the circuit court of the United States for the district, of west Tennessee, and was argued by counsel; on consideration whereof, it is ordered, adjudged and decreed, that the decree of the circuit court, rendered upon the mandate afo’re-said, be and hereby is reversed and annulled. And this court, proceeding to render such decree as the circuit court ought to have rendered in the premises, do further order, adjudge and decree as follows: that the said sum of 2100 dollars, reported by the master as received for rents by the said Robert Boyce, under the agreement therein mentioned, ought, under all the circumstances of the case, to be deemed assets of the said James Boyce deceased,-in his, the said Robert’s hands, to be administered according to law ; and that the same ought to be
 
 *291
 
 applied, in a due course of administration, to the payment of the debt of 2065 dollars and 28 cents, in the original decree of . the circuit court, awarded to the plaintiff, and to the payment of the costs of the present suit; and it is therefore ordered, adjudged and decreed, that the same be so applied and paid by the said Robert, as administrator with the will annexed of the said James Boyce, accordingly. And it is further ordered, adjudged and decreed, that execution do issue against the said Robert'Boyce, administrator as aforesaid, for the said debt of 2065 dollars and 28 cents, and the costs of the present suit, to be levied of the goods and chattels, &c. of the said James Boyce, in the hands of the said Robert, administrator as aforesaid, and if none such shall be found, then to be levied out of the proper goods and chattels, &c. of him, the said Robert.