## THE HAXBY.

### BROWN v. MERRITT WRECKING ORGANIZATION.

(Circuit Court of Appeals, Fourth Circuit. ·November 24, 1897.)

No. 251.

ADMIRALTY APPEALS—REDUCTION OF SALVAGE AWARD—MANDATE—ALLOWANCE OF INTEREST.

> The district court in a salvage case awarded a specified sum to libelants, with interest from the date of completion of the salvage services. On appeal, the award was reduced, and the decree and mandate of the appellate court directed the entry of a decree for a specified sum, without any mention of interest. *Held*, that the district court had no authority to give interest on this sum from the date of completion of the salvage services, and that interest should only run from the date of a decree of the appellate court.

Appeal from the District Court of the United States for the Eastern District of Virginia.

This was a libel in admiralty by the Merritt Wrecking Organization against the British steamship Haxby to recover compensation for salvage services. The district court awarded to the salvors the sum of $27,500. Upon a prior appeal to this court this award was held to be excessive, and was reduced to $16,666.66⅔. See 83 Fed. 715. On the receipt of the mandate from this court the district court entered a decree for libelants in the sum specified, with interest from January 19, 1897, the date of the completion of the salvage services. The complainant thereupon took this second appeal, assigning error in respect to the court's action in allowing interest.

Schmucker & Whitlock, for appellants, contended that as the decree of this court, and the mandate in pursuance thereof, were silent on the subject of interest, the district court was without authority to provide for interest in its decree.

The court, without filing any written opinion, thereupon reversed the decree below, and remanded the cause, "with instructions to enter a decree in favor of the Merritt Wrecking Organization for the sum of $16,666.66⅔, with interest thereon from the 3d day of November, 1897"; this being the date of the decision on the prior appeal.