## THE CELTIC CHIEF.

### May 31, 1916.

1. *Appeal—Mandate—Allowance of interest in modified decree in admiralty:* A mandate of an appellate court reducing a salvage award in admiralty but making no provision for interest, is to be carried out by entry of a decree for the substituted award without interest.

2. *Same—Same—Subsequent decree of lower court—Amendment of mandate:* In entering decree pursuant to the appellate court's mandate after determination of an appeal, the lower court's "duty and function are ministerial rather than judicial," and it can only execute the mandate. Any amendments of the mandate, even in the interest of justice, are to be secured by application to the appellate court.

*Admiralty:* Entry of decree pursuant to mandate of appellate court.

*L. J. Waren (Smith, Warren & Sutton* with him) for the Inter-Island Steam Navigation Company, Limited, and the Matson Navigation Company.

*P. L. Weaver* for the Miller Salvage Company, Limited.

*C. H. Olson (Holmes & Olson* with him) for the Celtic Chief.

CLEMONS, J. The mandate of the Circuit Court of Appeals has been filed herein reading in part as follows:

"It is now here ordered, adjudged and decreed by this Court, that this cause be, and hereby is remanded to the said District Court with directions to reduce the award made to the Inter-Island Steam Navigation Company, Limited, to the sum of $12,500.00 plus its expenses amounting to $2,046.77, and to reduce the award made to the Miller Salvage Company to the sum of $6,500.00,—the costs in this court to be apportioned two-thirds against the appellees because of the large amount of unnecessary matter put into the record, and one-third against the appellant."

The libelant Inter-Island Steam Navigation Company, Limited, now presents its final decree providing inter alia for interest on the aggregate award of $14,546.77, above, at six per cent. per annum from the date of the lower court's decree. And to such allowance of interest the libellee objects, relying on the case of *The Haxby,* 83 Fed. 720, and on rule 30 of the Circuit Court of Appeals providing, in section 4, that, "in cases in admiralty, damages and interest may be allowed, *if specially directed by the court,"*—referring to "cases where a writ of error is prosecuted" in that court "and the judgment of the inferior court is affirmed." Id. sec. 1. It is to be noted that in cases other than admiralty the provision is, that "interest shall be calculated and levied from the date of the judgment below." Id. The latter provision is significant, and in connection with section 4 of the rule, enforces the independent holding of the courts, that interest is not a matter of course in salvage cases. See *Hemenway v. Fisher,* 20 How. 255, 260.

In the *Haxby* case the "district court awarded to the salvors the sum of $27,000." (with interest from the date of the completion of the salvage services, s. c., 83 Fed. 717), and upon appeal this award was reduced to $16,666.66, and on receipt of the mandate from the appellate court, "the district court entered a decree for libelants in the sum specified, with interest from . . the date of the completion of the salvage services," but upon a "second appeal assigning error in respect to the court's action in allowing interest," the court above "without filing any written opinion, thereupon reversed the decree below, and remanded the cause, 'with instructions to enter a decree . . . for the sum of $16,666.66, with interest thereon from the 3d day of November, 1897,' this being the date of the decision on the prior appeal." Id. 720; Id. 715. The contention of the libellee here is, there-

fore, that the date of the upper court's decision January 10, 1916, is the basic date in the calculation of interest.

The libelant relies on the case of *Hagerman v. Moran,* 75 Fed. 97, and *The Glenochil,* 128 Fed. 963. All that the former holds, however, is that "when a decree making no provision for interest is affirmed by a mandate which is silent on the point, the lower court has no power to allow interest." 75 Fed. 101. And the latter case, in admiralty, is to the same effect, holding that where on appeal a decree in which no allowance of interest is specially directed "is simply 'affirmed with costs' by the circuit court of appeals, the district court thereafter is without authority to allow interest on the final decree; and no interest can be recovered thereon unless the circuit court of appeals so. modifies or amends its affirmatory decree as to include interest." The most that could be said of these rulings is, that they are not necessarily against the libelant's claim. It does not follow at all, as contended, that because the upper court does not allow the lower court to add interest where it was not added originally, it impliedly does here allow the lower court to maintain a provision for interest in an original decree which the upper court has modified by reduction of the award to a specific sum without any provision for interest. For the mandate is not in terms one of affirmance of the original decree pro tanto, but in the view of the decisions presently to be quoted, must be regarded as one of substitution. See *Hemenway v. Fisher,* 20 How. 255, 260.

On account of the delay in the final determination of the case, my inclination has been favorable to the allowance of interest, and there is something to be said in behalf of its allowance, particularly on the suggestion of the Chief Justice of the State of Washington in the case of *Fairhaven Land Co. v. Jordan,* 34 Pac. 142, 143: "Upon the argu-

ment . . . the question of interest was not raised. No error of the court below in allowing interest was assigned, and it cannot be raised now for the purpose of construing the opinion of the court, which was written without an investigation of that question or without reference to it." It is fair to note that there was in our case an assignment of error covering interest, but it may be doubted if it was narrow enough to cover the point now raised. That assignment of error was: "That the court erred in awarding interest to libelant from the time of the completion of its salvage services." Error 15.

[2] But the distinct ruling of the Supreme Court in *In re Washington and Georgetown Railroad Co.*, 140 U. S. 91, compels a different view from that urged by the libelant here. In that case, it is true, nothing was said about interest in the original judgment of the trial court, but in modifying a judgment entered upon presentation of the mandate of the Supreme Court and containing a provision for interest from the date of the original judgment, the appellate court said, "The *principle* has been well established, in numerous cases, that on a mandate from this court, containing a specific direction to the inferior court to enter a specific judgment, the latter court has no authority to do anything but execute the mandate." Id. 96.

The cases of *Boyce v. Grundy*, 9 Pet. 275, and *Green v. Chicago, etc. R. Co.*, 49 Fed. 907, are similar. In the latter case it is said, at page 909, "Under a mandate from the Supreme Court in cases like the present," the inferior court's "duty and function are ministerial, rather than judicial, in such cases, inasmuch as it is executing the judgment or decree of a higher court, instead of its own judgment or decree." In *Kimberly v. Arms*, 40 Fed. 551, the authorities on this subject are cited. They establish that under a mandate from the supreme court the inferior court cannot vary in any way the decree of the former, or give other or

further relief, but is limited to the execution of the mandate."

In the case of *Boyce v. Grundy,* supra, it is said, at pages 289-290:

"By the rules of the supreme court . . . [similar to part of Rule 30 of the Circuit Court of Appeals] "in cases where the suit is for mere delay, damages are to be awarded at the rate of ten per centum per annum on the amount of the judgment, to the time of the affirmance thereof. And in cases where there is a real controversy, the damages are to be at the rate of six per cent. per annum only. And in both cases, the interest is to be computed as part of the damages. It is, therefore, solely for the decision of the supreme court, whether any damages or interest (as a part thereof) are to be allowed, or not, in cases of affirmance. If, upon the affirmance, no allowance of interest or damages is made, it is equivalent to a denial of any interest or damages; and the circuit court, in carrying into effect the decree of affirmance, cannot enlarge the amount thereby decreed; but is limited to the mere execution of the decree, in the terms in which it is expressed. A decree of the circuit court, allowing interest in such a case, is, to all intents and purposes, quoad hoc, a new decree, extending the former decree. In *Rose v. Himely,* 5 Cranch 313, it was said, that upon an appeal from a mandate, nothing is before the court but the proceedings subsequent to the mandate; and the court refused to allow interest in that case, which was given by the circuit court, in executing the mandate, because it was not awarded by the supreme court upon the first appeal. The same point was fully examined in the case of *The Santa Maria,* 10 Wheat. 431, 442, where the court held, that interest or damages could not be given by the circuit court in the execution of a mandate, where the same had not been decreed by the supreme court upon the original appeal."

So, here, the upper court's decree is to be substituted for that of the lower court, and the lower court is to be careful not to exceed its limits. The principle of the case of the *Washington and Georgetown Railroad* and of the other

similar cases is, in my opinion, against the libelant, and upon that principle the court's ruling· is founded rather than upon the authority of the bare order made without any discussion whatever in the *Haxby* case. Moreover it may be said that the facts in that case are not wholly the same as those here. There the lower court on presentation of the mandate entered judgment for interest from a time back of the date of the original decree, to-wit, from the date of the completion of the salvage services which were the basis of the suit, while in our case the award, which included some allowance, though not definite, for interest in consideration of delays, was cut down on appeal to a certain sum which must be taken to exclude interest at least for any period between the rendition of the salvage services and the date of our original decree. If in the *Haxby* case there had been a specific question as to interest on the amount awarded by the decree itself, from its date, the case would be of somewhat more persuasive authority.

The proposed form of decree must, therefore, be modified by striking out all provisions for interest on the specific sums awarded. In order that there may be no possible prejudice from the court's delay in signing this decree it will be entered· *nunc pro tunc* as of the date of presentation of the draft, March 28th, 1916. See *Mitchell v. Overman,* 102 U. S. 62, 64-65; 23 Cyc. 840, 841.

· This· case emphasizes the necessity of counsel's having the decree and mandate of the upper court settled exactly in that court within the thirty days period allowed by the rules before the mandate is sent down.

June 3, 1916.

In the matter of the decree in the case of the Miller Salvage Company, which it is claimed should contain a provision for the expenses of $1400. originally allowed by this

court: Although from the written opinion of the appellate court I can see no reason why the Inter-Island Company should be allowed its expenses and the Miller Salvage Company should not, nevertheless, although the mandate originally contained no provision for expenses of any party, it was amended so as to provide for such expenses in the case of the Inter-Island Company.

And in view of that provision (*expressio unius exclusio alterius*) and following the principle there relied on (see *Washington and Georgetown Railroad case,* supra) this court can do nothing else but sign a decree without provision for the expenses of the Miller Salvage Company.

The court's present ruling is made in full appreciation of the provision of the mandate immediately following that herein above quoted at p. 325:

"That such execution and further proceedings be had in the said cause in accordance with the *opinion* and decree of this court and as according to right and justice and the laws of the United States ought to be had, the said decrees and amendment of the said district court notwithstanding."

It is hoped that it is not yet too late for the Miller Salvage Company to have the form and substance of the mandate reconsidered in the upper court. As said in the *Inter-Island* case, above, this case emphasizes the necessity of counsel's having the decree and mandate of the upper court settled exactly in that court within the thirty days period allowed by the rules before the mandate is sent down.