**BRAME et al. v. KEYSTONE CREDIT CORPORATION et al.**

**No. 3761.**

Circuit Court of Appeals, Fourth Circuit.

April 2, 1935.

M. J. Fulton, of Richmond, Va. (Holmes Hall, of Richmond, Va., on the brief), for appellant and cross-appellees.

Murray M. McGuire, of Richmond, Va. (Cabell, Ignatius, Lown & Blinken, of New York City, McGuire, Riely & Eggleston and Shewmake, Gary, Goddin & Hardy, all of Richmond, Va., Hartwell Cabell, of New York City, and Oscar L. Shewmake, of Richmond, Va., on the brief), for appellees and cross-appellants.

Before PARKER and NORTHCOTT, Circuit Judges, and GLENN, District Judge.

NORTHCOTT, Circuit Judge.

This is an appeal from a decree entered July 14, 1934, in the District Court of the United States for the Eastern District of Virginia, in the suit of Hare & Chase, Inc., et al., v. National Credit Corporation et al., and S. R. Brame et al. v. Hare & Chase, Inc. (Consolidated Causes). This suit was before this court under the title of General Finance Corporation et al. v. Keystone Credit Corporation et al., 50 F.(2d) 872, certiorari denied Adams v. Keystone Credit Corporation, 284 U. S. 684, 52 S. Ct. 201, 76 L. Ed. 578. A detailed statement of the facts in that case will be found in the opinion of this court and it is not necessary to repeat them here.

On February 24, 1933, appellees and cross-appellants filed a notice of motion for a rule against the appellants and cross-appellees to show cause why judgment should not be entered against them, jointly and severally, on an appeal and supersedeas bond executed by them in the court below upon the taking of the appeal to this court. An appeal was also taken to this court by Hare & Chase, Inc., at the same time that the appeal was taken by the appellant and cross-appellee, but no supersedeas was asked by Hare & Chase, and the bond given by that corporation was only for costs and did not include damages.

In affirming the decree of the court below, in the former hearing in this court, we decreed "that one-third of the costs on this appeal be assessed against the appealing National stockholders, one-third against Hare & Chase, and one-third against General Finance Corporation."

A receiver had been appointed for certain funds involved in the original suit and the granting of the supersedeas prevented and delayed the payment, as ordered by the court below, of the funds in the hands of the receiver, to the appellees and cross-appellants. The appellees and cross-appellants claimed damages to the extent of the legal rate of interest, less the interest earned while in the hands of the receiver, because of being kept out of the use of this fund, and also claimed that certain expenditures from the fund became necessary because of the delay resulting from the appeal.

On April 3, 1933, appellants and cross-appellees filed their answer to the notice of motion, and on April 11, 1933, filed a supplemental answer. On April 21, 1933, the court below entered a decree holding that it had jurisdiction to entertain the motion for judgment and overruled objections to its jurisdiction and also denied a motion to dismiss the rule. Later the cause was referred to a special master to ascertain and report the amount of damages and costs, if any, payable to appellees and cross-appellants by Brame, principal, and Consolidated Indemnity & Insurance Company as surety on the said supersedeas bond, one Bazile being receiver for said Indemnity Company.

In July, 1933, the special master filed his report holding that the liability, under the supersedeas bond, amounted to the sum of $7,969.13, made up of various items for expenses such as premiums on the receiver's bond, taxes, office expenses, etc., and premiums on depository bonds. The master, in his report, held that there was no liability under the bond for interest on the fund the payment of which was withheld from appellees and cross-appellants by reason of the delay brought about by the appeal. Both sides excepted to the master's report and, after a hearing, the court below entered its decree in July, 1934, affirming the report of the special master, from which decree Brame and the surety brought this appeal and the appellees brought a cross-appeal.

Three questions are to be considered: (1) Did the court below have jurisdiction upon a rule issued in the original proceedings to determine the damages due under the supersedeas bond? (2) If the court did have jurisdiction, were the items allowed by the court below as damages properly so allowed? (3) Were the appellees and cross-appellants entitled to an amount equal to the difference between the legal

rate of interest and the interest earned while in the hands of the receiver, on the sum withheld from them by virtue of the appeal and supersedeas?

■ As to the first question, it is contended on behalf of Brame and his surety on the bond that the action on the bond, in the absence of any award by this court on appeal, should be an original action and at law. We do not think this contention is sound. Sureties on a supersedeas bond in an equity proceeding become quasi parties to the suit and subject themselves to the jurisdiction of the court to the extent that a summary judgment may be rendered on the bond. The reason for this is plain; were it otherwise litigation would be multiplied endlessly. It is a well-recognized principle of equity that a court having jurisdiction of the principal case has the power to pass upon all its incidents and thus put an end to further litigation. As was said by the Supreme Court in the case of Pease v. Rathbun-Jones Engineering Co., 243 U. S. 273, 37 S. Ct. 283, 286, 61 L. Ed. 715, Ann. Cas. 1918C, 1147: "Some of the district courts, by formal rule of court require the bond to contain an express agreement that the court may, upon notice to the sureties, proceed summarily against them in the original action or suit. See Rule 91, Ariz. Dist. Court Rules, adopted March 5, 1912; Rule 90, Wash. Dist. Court Rules, 1905. But this is not a general provision; nor is it a necessary one. For, as this court has said, sureties 'become quasi parties to the proceedings, and subject themselves to the jurisdiction of the court, so that summary judgment may be rendered on their bonds.' Babbitt v. Finn (Babbitt v. Shields), 101 U. S. 7, 15, 25 L. Ed. 820, 822. The objection that a court of equity has no jurisdiction because there is an adequate remedy at law on the bond is not well taken. A court of equity, having jurisdiction of the principal case, will completely dispose of its incidents and put an end to further litigation. Applying this principle, equity courts, upon the dissolution of an injunction, commonly render a summary decree on injunction bonds."

Some of the authorities cited on behalf of appellants and cross-appellees may apparently hold otherwise, but we are of the opinion that the principle laid down in the Pease Case, supra, applied to the instant case, sustains the jurisdiction of the court below to completely dispose of all matters incident to the suit, including the matter of a proper recovery upon the bond.

■ Having reached the conclusion that the court had jurisdiction, we have next to consider whether the items, allowed by the court below as damages, were properly allowed. We think they were. Every item allowed in the report of the special master, which allowance was approved by the court, was an item the payment of which was necessitated by the granting of the appeal. Had there been no supersedeas applied for and granted, the fund could have been paid over as directed by the court and the payment of these items made unnecessary. The condition of the bond given is as follows:

"Now the condition of the above obligation is such, that, if the said National Credit Corporation et al. and S. R. Brame et al. shall prosecute their appeal to effect and answer all damages and costs if they fail to make their plea good, then the obligation to be void; else to remain in full force and virtue."

"S. R. Brame, . [Seal]
"Consolidated Indemnity & Insurance Company,
"By Robert I. Boswell,
"Attorney in fact.
"[Corporation seal.]"

Courts of equity do not look with favor upon efforts by those who have stayed the hands of the court, to escape the just consequences of their acts. By executing the bond Brame and his surety agreed to answer all damages and costs if they failed to make their plea good on appeal; they did fail and should, in justice, be required to make good the damages caused by the obtaining of the supersedeas.

■ It is contended that Hare & Chase, Inc., having also taken an appeal that that company, assuming that there is any liability for damages, should, in equity, be held liable for at least a portion of the damages caused by the delay incident to the appeal, and was, therefore, a necessary party in any action for damages. We cannot agree with this contention: First, because the appeal taken by Hare & Chase was from that part of the decree which gave judgment against that company and in no way affected the fund in the hands of the court or delayed its distribution as did the supersedeas granted Brame; and, second, Hare

& Chase, in taking its appeal, applied for no supersedeas.

■ It is also contended that no recovery should be had on the bond because of the fact that the decree appealed from contained the provision that payments could be made to those entitled to them upon the giving of refunding bonds and that, had the Keystone Credit Corporation or Johnston, trustee, given the required bonds, there would have been no delay in the payment. This contention cannot be sustained, because the granting of the supersedeas suspended the operation of the decree in its entirety until the appeal was passed upon by this court. Nor do we believe that a proper recovery for damages sustained by virtue of the appeal and supersedeas should be defeated because those to whom the funds were to be paid were put upon an election with regard to giving a refunding bond. They had the right to choose not to give the bond.

■ We next come to consider whether the item of interest is a proper charge under the bond. Rule 13 of this court provides, with regard to an appeal taken where the fund in controversy is in the hands of the court, as follows: "1. * * * or where the proceeds thereof, or a bond for the value thereof, is in custody of the court, indemnity in all such cases will be required only in an amount sufficient to secure the sum recovered for the use and detention of the property, and the costs of the suit and just damages for delay, and costs and interest on the appeal."

Where the supersedeas delays the payment of a fund to the party finally determined to be the owner of it, it is difficult to see why the interest, at the legal rate that would have been earned during the time of the delay, brought about by the appeal and supersedeas, is not properly recoverable. On this point the judge below held that he was controlled by the opinion of the Supreme Court in Kountze v. Omaha Hotel Co., 107 U. S. 378, 2 S. Ct. 911, 27 L. Ed. 609, and Pike v. Gregory et al. (C. C. A.) 118 F. 128; but a study of these decisions leads us to the conclusion that a proper interpretation of them does not sustain the contention that, under the circumstances existing here, interest is not a proper charge. The rule of this court, above quoted, certainly provides for interest. An able and interesting discussion of this question is found in the case of Graysonia-Nashville Lumber Co. v. Goldman (C.

C. A.) 260 F. 600, 605, where Sanborn, Circuit Judge, discussing the question in the light of the Kountze Case, holds that interest is a proper charge under the supersedeas bond and says:

"It was given and approved under rule No. 13 of this court, which specifies just damages for delay, costs, and interest on the appeal among the matters to be secured by such bonds. Why was not this interest among the damages the plaintiff suffered by the delay? * * *

"It is the legal damages the plaintiff sustained because the Graysonia Company delayed his receipt of the $250,000 derived from the sale from June 10, 1917, to April 29, 1918."

In American Trust Co. v. Speers Sand & Clay Works, 60 F.(2d) 994, 999, Judge Chesnut, of the Maryland District Court, after reviewing the authorities on this point, in an able opinion, also reaches the conclusion that interest is a proper charge. Judge Chesnut says, in the course of his opinion: "A similar allowance for interest on the delayed receipt of the purchase price was made against the surety on supersedeas bond in a mortgage foreclosure sale in Graysonia-Nashville Lumber Co. v. Goldman (C. C. A. 8) 260 F. 600, 605. The allowance was made not for the accumulation of interest on the mortgage debt but as an item of damages for delay incident to the appeal. The court in that case considered such allowance within the principles laid down in the Kountze Case. Such an allowance is fair and reasonable, and within the scope of the applicable rule of court."

We are of the opinion that, under the rule and in the light of the reasoning found in the authorities quoted, interest can be recovered under the appeal and supersedeas bond given here, and that the legal rate of interest is the proper measure of damages. There should, of course, be an allowance made for the amount of interest earned by the fund while in the hands of the receiver and recovery had for the difference between that amount and the legal rate.

Here the appellant, on whose behalf the supersedeas bond was executed, brought about the litigation, seized the assets by proceedings in attachment, and, having lost in the court below, delayed distribution by securing a supersedeas on appeal. The appeal might have been prosecuted without a supersedeas, but it was elected not to do so, and a bond was given conditioned to

save the appellees and cross-appellants harmless from any damages they might suffer incident to the appeal. Having elected to take this course, it is only just that those responsible for the delay in the payment to the lawful owners of the funds should respond in damages in a sum equal to the amount of the loss brought about by the course pursued. As an element of damages, interest is a proper item to be included.

The decree of the court below is affirmed upon the appeal and reversed upon the cross-appeal, and this cause is remanded for further proceedings in accordance with this opinion.

Affirmed in part, reversed in part.