## JOHN HANCOCK MUT. LIFE INS. CO. et al. v. HURLEY, Collector of Taxes.

### No. 4079.

Circuit Court of Appeals, First Circuit.

Nov. 7, 1945.

Before MAGRUDER, MAHONEY and WOODBURY, Circuit Judges.

G. K. Richardson, of Boston, Mass. (Richardson, Wolcott, Patten & Bennett, of Boston, Mass., on the brief), for appellant.

Hirsh Freed, of Boston, Mass. (Frank J. Murray and William H. Kerr, both of Boston, Mass., on the brief), for appellee.

MAGRUDER, Circuit Judge.

This case, an aftermath of John Hancock Mutual Life Insurance Co. v. Thompson, 1 Cir., 1944, 147 F.2d 761, presents a somewhat troublesome little point of procedure pertaining to recovery on a supersedeas bond for damages to the appellee resulting from delay incident to an unsuccessful appeal.

There was pending before the court below a proceeding brought by the United States for the condemnation of a term for years in the Hotel Buckminster, Boston. The owner of this property was Carlton Hotel, Inc., the debtor in reorganization proceedings also pending before the same court. A sum of money had been deposited by the United States into the registry of the court representing the estimated just compensation for the proposed taking. On June 22, 1944, the District Court entered an order: "that the clerk of the court be, and he hereby is, directed to pay forthwith to Merritt Thompson as he is collector of taxes for the City of Boston, from the moneys deposited on August 21, 1943 in the registry of this court for or on account of the just compensation to be awarded for the condemnation of the interest in land taken in the above-entitled proceeding, the sum of nineteen thousand nine hundred ninety-eight dollars and nine cents ($19,998.09) together with interest at the rate of $2.12 per day from May 15, 1944 to the date of payment * * *." This sum of $19,-998.09 represented the principal of the taxes due, plus interest at the rate of four per cent calculated up to May 15, 1944. Under Mass.G.L.(Ter.Ed.) c. 59, § 57, as amended, taxes due and unpaid bear interest at the rate of four per cent.

If no appeal had been taken from the order, the clerk would have made the payment to the City of Boston upon the ex-piration of ten days after the entry of the order, see F.R.C.P. Rule 62(a), 28 U.S. C.A. following section 723c. However, on June 30, 1944, John Hancock Mutual Life Insurance Company, which held a first mortgage on the hotel premises, filed a notice of appeal from the order of disbursement, and on the same day it filed a supersedeas bond in the penal sum of $1000, with the Fidelity and Deposit Company of Maryland as surety thereon, the condition of the bond being that if John Hancock should "prosecute its appeal to effect, and answer all damages and costs if it fails to make its appeal good, then the above obligation to be void; else to remain in full force and virtue." On December 22, 1944, this court dismissed the appeal on the ground that John Hancock had no standing to complain of the order appealed from. 147 F.2d 761. Our judgment merely stated: "The appeal is dismissed with costs to Merritt Thompson, Collector, appellee." Neither in our judgment nor in the ensuing mandate was any reference made to damages suffered by the appellee as a result of the delay in payment to him of the sum ordered disbursed by the District Court.

On December 29, 1944, upon receipt of our mandate, the clerk of the District Court paid over to the Collector of Taxes the sum of $20,095.61 ($19,998.09 plus interest at the rate of 4%, or $2.12 per day from May 15, 1944, to June 30, 1944, the date on which the supersedeas bond had been filed).

Thereafter, on January 4, 1945, the Collector filed a motion for judgment against principal and surety on the supersedeas bond for the amount of costs taxed against John Hancock by the Circuit Court of Appeals and for damages resulting to the City from the deprivation of the use of $20,095.61 from June 30, 1944, when the supersedeas bond was filed, to December 29, 1944. The motion was granted and on January 31, 1945, the District Court entered judgment for Merritt Thompson, Collector of Taxes for the City of Boston, against both principal and surety on the supersedeas as bond in the sum of $604.30,[1] plus $20 costs taxed by the Circuit Court of Appeals.

---

[1] The sum of $604.39 was arrived at as follows: Interest at 6% on $20,095.61 from June 30, 1944 (when supersedeas bond was filed), to December 29, 1944 (when disbursement was made out of the registry of the district court), amounting to $601.-22, plus interest at 6% on the said sum of $601.22 from December 30, 1944, to January 31, 1945 (when the judgment on the supersedeas bond was entered).

The present appeal is taken by John Hancock and by the surety on the supersedeas bond from the aforesaid judgment of January 31, 1945, awarding damages for the delay incident to the earlier appeal.

■ A preliminary point raised by appellants has to do with the proper interpretation of the District Court's order of disbursement dated June 22, 1944, from which the earlier appeal had been taken. That order, as above set forth, directed the clerk "forthwith" to pay over to the City the sum of $19,998.09 "together with interest at the rate of $2.12 per day from May 15, 1944 to the date of payment." Appellants contend that the City did not suffer damage by reason of the delay in payment because the order directed the clerk, in making the disbursement, to include interest up "to the date of payment"; and, the argument continues, when the disbursement was made on December 29, 1944, after the appeal had been dismissed and the mandate of the Circuit Court of Appeals had been received below, the clerk, by the very terms of the disbursement order, should have included interest up to December 29, 1944. But bearing in mind the purpose of the disbursement order, we do not think this is a fair interpretation of it. As the court below explained in its memorandum accompanying the order of disbursement, it was for the benefit of all persons interested in the estate and the mortgaged property that the taxes be paid so as to stop the further accrual of interest thereon. The disbursement order directed the clerk to pay the taxes "forthwith", which, in view of Rule 62(a), F.R. C.P., would normally mean upon the expiration of ten days after the entry of the order. It was not in the contemplation of the District Court that the fund should be further depleted by the payment of interest for an indefinite time consequent upon the taking of an appeal from the disbursement order and the filing by John Hancock of a supersedeas bond. As the District Court interpreted its disbursement order, an interpretation which strikes us as a reasonable one, upon the dismissal of the appeal the clerk had authority to pay interest on the unpaid taxes only up to June 30, 1944, when the supersedeas bond was filed.

The principal contention of appellants is that the obligation under the supersedeas bond to pay damages if the appeal should fail is merely to pay such damages as may be awarded by the appellate court, and that since the Circuit Court of Appeals in its judgment and mandate made no reference to damages, none may be collected on the supersedeas bond. But see Graysonia-Nashville Lumber Co. v. Goldman, 8 Cir., 1919, 260 F. 600; American Trust Co. v. Speers Sand & Clay Works, Inc., D.C.Md.1932, 60 F.2d 994; Brame v. Keystone Credit Corporation, 4 Cir., 1935, 76 F.2d 328; Gleeson's Estate, 1899, 192 Pa. 279—in each of which cases damages for delay were assessed against the obligors on the supersedeas bond though, so far as appears, the judgment of the appellate court affirming the judgment below contained no reference to damages. The same was true of St. Louis Smelting & Refining Co. v. Wyman, C.C.Colo.1884, 22 F. 184. There the Circuit Court had given judgment for the plaintiff in a suit for ejectment. The defendant took the case to the Supreme Court on writ of error and gave a supersedeas bond. Judgment was affirmed. Steel v. St. Louis Smelting Co., 1882, 106 U.S. 447, 1 S.Ct. 389, 27 L.Ed. 226. Neither in the judgment of the Supreme Court nor in its mandate was any award made of damages for the delay.[2] When the case came back to the Circuit Court, Hon. David J. Brewer, then a circuit judge, gave judgment on the supersedeas bond for the amount of the rents and profits of which the plaintiff had been deprived during the pendency of the proceedings in error.

■ As an original question, we think it clear that the contention of appellants is not well taken. Rule 73(d), F.R.C.P. provides as follows:

"(d) Supersedeas Bond. Whenever an appellant entitled thereto desires a stay on appeal, he may present to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. The bond shall be conditioned for the satisfaction of the judgment in full together with costs, interest, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest, and damages as the appellate court may adjudge and award. When the judgment is for the recovery

---

[2] We have verified this statement by examination of copies of the Supreme Court's judgment and mandate furnished us by the Clerk of the Supreme Court.

of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond. When the judgment determines the disposition of the property in controversy as in real actions, replevin, and actions to foreclose mortgages or when such property is in the custody of the marshal or when the proceeds of such property or a bond for its value is in the custody or control of the court, the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay."[3]

Since the supersedeas bond was given in compliance with Rule 73(d), the scope of liability under the bond should be interpreted in the light of the provisions of the rule. As appears from the text of the rule above quoted, it is only where the judgment is modified on appeal that the damages collectible on the supersedeas bond are such "damages as the appellate court may adjudge and award." But where for any reason the appeal is dismissed or the judgment is affirmed, liability under the bond for damages for delay is not contingent upon the award of such damages by the appellate court; and indeed there is no reason why it should be. The condition of the supersedeas bond in question is, broadly, that the principal and surety shall "answer all damages and costs" if John Hancock should fail to make its appeal good, which means that the liability for damages in that event is absolute, and not dependent upon a discretionary allowance by the appellate court. The extent of the damages becomes a matter to be proved in the district court when liability on the supersedeas bond is sought to be enforced after remand from the appellate court. It may often be necessary to establish the amount of such damages by evidence, as, for instance, in

Woodworth v. Northwestern Mutual Life Ins. Co., 1902, 185 U.S. 354, 22 S.Ct. 676, 46 L.Ed. 945; this is more appropriate for determination in the district court than in the appellate court.

Appellants rely upon two earlier cases in this circuit: Rosenstein v. Tarr, C.C. Mass.1892, 51 F. 368, affirmed per curiam 1 Cir., 1892, 53 F. 112; Pike v. Gregory, 1 Cir., 1902, 118 F. 128. The brief discussion in these cases is to us somewhat confusing and unsatisfactory; and in any event the cases were decided prior to the adoption of Rule 73(d), F.R.C.P., which now prescribes the conditions required to be incorporated in supersedeas bonds. We do not regard these cases as controlling. On the other hand, we recognize that the more recent case of Spruks v. United States Fidelity & Guaranty Co., 3 Cir., 1943, 138 F.2d 812, is contrary to the conclusion we have reached. We are constrained not to follow the decision in that case.

We believe that perhaps some confusion in this matter has resulted from the existence of a related provision in 28 U.S.C.A. § 878, reading as follows:

"Where, upon a writ of error, judgment is affirmed in the Supreme Court or a circuit court of appeals, the court shall adjudge to the respondents [sic] in error just damages for his delay, and single or double costs, at its discretion."[4]

This provision may be traced back through Revised Statutes § 1010 to its original source in § 23 of the Judiciary Act of September 24, 1789, 1 Stat. 85. Under 28 U.S.C.A. § 878, appellate courts, in affirming a judgment or in dismissing an appeal, are empowered to include an award of damages for delay, whether or not a supersedeas bond had been given. The power has been exercised particularly in cases of vexatious and frivolous appeals, where the appellate court's award of damages has partaken of the nature of a penalty. Deming v. Carlisle Packing Co., 1912, 226 U.S. 102, 33 S.Ct. 80, 57 L.Ed. 140; Wagner Electric Mfg. Co. v. Lyndon, 1923, 262 U.S. 226, 43 S.Ct. 589, 67 L.Ed. 961; Slaker v. O'Connor, 1929, 278 U.S. 188, 49 S.Ct. 158, 73 L.Ed. 258;

3 Substantially the same provision as to the terms of supersedeas bonds is contained in Rule 10, paragraph 4, of the rules of this court.

4 The section refers only to writs of error. But by 28 U.S.C.A. § 861a, writs of error are abolished, and by 28 U.S.C.A. § 861b, the procedural provisions relating to writs of error "shall be applicable to the appeal which section 861a of this title substitutes for a writ of error."

Wright v. Central National Bank, 10 Cir., 1929, 37 F.2d 234. Such a penalty is, by the terms of § 878, discretionary with the appellate court; and if no such damages are awarded, the district court may not tack on to its judgment in the main proceeding an item for such damages upon receipt by it of the appellate court's mandate. But it does not follow from this that, where a supersedeas bond has been given, the district court may not proceed either in a summary proceeding or in an independent suit on the supersedeas bond, to give judgment against the principal and surety for the amount of the provable damages resulting from the taking of an unfounded appeal, in accordance with the undertaking of the bond.

This distinction, we think, was overlooked in Spruks v. United States Fidelity & Guaranty Co., supra, 138 F.2d 812, where, in support of its conclusion, the court cited Boyce's Executors v. Grundy, 1835, 9 Pet. 275, 9 L.Ed. 127, and In re Washington & Georgetown R. Co., 1891, 140 U.S. 91, 11 S.Ct. 673, 35 L.Ed. 339. Neither of these cases involved liability on a supersedeas bond. In the Boyce case, an appeal was taken directly to the Supreme Court from a decree of a circuit court commanding the defendant to pay the complainant a sum of money. It does not appear that any supersedeas bond was given. The decree was affirmed by the Supreme Court, but its judgment and mandate contained no award of interest as damages for the delay pending the appeal. After receipt of the Supreme Court's mandate, the circuit court added to its decree the sum of $496.46 as interest upon the original sum decreed in the circuit court from the time of the rendition thereof to the date of affirmance. The Supreme Court held this to be error, saying (9 Pet. at page 290, 9 L.Ed. 127): "If, upon the affirmance, no allowance of interest or damages is made, it is equivalent to a denial of any interest or damages; and the circuit court, in carrying into effect the decree of affirmance, cannot enlarge the amount thereby decreed; but is limited to the mere execution of the decree, and in terms in which it is expressed. A decree of the circuit court, allowing interest in such a case, is, to all intents and purposes, quoad hoc, a new decree, extending the former decree."

It is true that the main judgment from which an appeal is taken cannot be varied or enlarged by the lower court after affirmance, except as directed or allowed in the mandate of the appellate court. But where, in a supersedeas bond, the principal and surety have obligated themselves to pay the damages resulting to the appellee from the delay incident to an unsuccessful appeal, it is proper for the lower court to enter a "new decree" upon the independent obligation of the bond. In re Washington & Georgetown R. Co., supra, 1891, 140 U.S. 91, 11 S.Ct. 673, 35 L.Ed. 339, is likewise distinguishable from the situation now before us. There the trial court gave the plaintiff in a tort action a judgment for $6195 damages. However, the judgment made no provision for the payment of interest from the date of the judgment until the date of payment. The judgment was affirmed by the Supreme Court, with costs to be taxed by the clerk, but the Supreme Court's mandate contained no allowance of interest. Upon receipt of the mandate, the lower court entered judgment against the defendant for the principal sum of the original judgment plus interest from the date of its rendition. The Supreme Court, citing Boyce's Executors v. Grundy, supra, held that the lower court was without power to go beyond the mandate by adding a sum as interest on the original judgment. No question was presented as to liability on a supersedeas bond.

We have been able to find no Supreme Court case intimating that the liability of obligors on a supersedeas bond for damages where an appeal has failed is contingent upon an award of such damages in the judgment and mandate of the appellate court:

In Kountze v. Omaha Hotel Co., 1882, 107 U.S. 378, 2 S.Ct. 911, 27 L.Ed. 609, a decree of foreclosure rendered by a circuit court was affirmed on appeal by the Supreme Court without any award of damages for the delay.[5] Upon appeal from a judgment in a subsequent suit on the supersedeas bond, the Supreme Court held that the particular items of damage awarded by the lower court were not recoverable on the supersedeas bond, but it reached this conclusion after an elaborate discussion of the merits and not on the ground that liability on the supersedeas

---

[5] See footnote 2, supra.

bond for damages is contingent upon an award of the same by the appellate court.

In Woodworth v. Northwestern Mutual Life Ins. Co., 1902, 185 U.S. 354, 22 S.Ct. 676, 46 L.Ed. 945, the Circuit Court of Appeals had affirmed a decree of the circuit court directing immediate delivery to the complainant of title and possession of certain real estate. Subsequently, the complainant filed its petition in the lower court against the principal and sureties on the supersedeas bond, asking for a summary judgment for damages consisting of the loss of the rents and profits for the period during which possession of the property was withheld from the complainant by the pendency of the appeal. The circuit court gave judgment against the obligors on the supersedeas bond as prayed. Upon appeal from this judgment, the Circuit Court of Appeals certified to the Supreme Court the question of law whether, on the case stated, the obligee in the supersedeas bond was entitled to ʹrecover as damages the value of the use and possession, that is, the rents and profits of the real estate, during the time said obligee had been kept out of possession by the taking of the appeal and the filing of the supersedeas bond. The Supreme Court answered the question in the affirmative, stating that the appropriation of the rents and profits by the principal obligor in the supersedeas bond during the pendency of the appeal constituted damage to the obligee "within the meaning of the condition for payment of 'all damages and costs which it may incur by reason or on account of said appeal.'" Since this was the undertaking of the bond, the liability thereon became absolute upon the failure of the appeal. The liability on the bond was therefore not contingent upon a discretionary award of damages by the appellate court. Such liability was not based upon the provision of R.S. § 1010, now 28 U.S.C.A. § 878, where the award of damages as a penalty for a frivolous appeal is discretionary with the appellate court.

In United States for the use of Crawford v. Addison, 1867, 6 Wall. 291, 18 L.Ed. 919, the lower court had given a judgment of ouster against Addison in a quo warranto proceeding brought by the United States upon the relation of Crawford. Addison took the case to the Supreme Court by writ of error, and gave a supersedeas bond. This writ of error was subsequently dismissed by the Supreme Court for lack of diligent prosecution, but its mandate contained no award of damages to the relator for the delay.[6] Thereafter Crawford brought suit on the supersedeas bond and the lower court gave judgment for the defendant. Upon writ of error this judgment was reversed by the Supreme Court, which ruled as follows (6 Wall. at pages 297, 298, 18 L.Ed. 919): "By the writ of error and the suspension bond the enforcement of the judgment was prevented, and until the writ was dismissed the relator was excluded from the office and deprived of the salary annexed to it. The amount of the salary received by the defendant, Addison, during the period of such deprivation, constitutes * * * the measure of the damages which the plaintiff is entitled to recover upon the suspension bond."

Damages to the appellee resulting from the delay in the disbursement to him of the sum ordered to be paid by the original order of June 22, 1944, were properly measured by the legal rate of interest thereon, which in this case was six per cent. Mass.G.L.(Ter.Ed.) c. 107, § 3. Brame v. Keystone Credit Corporation, 4 Cir., 1935, 76 F.2d 328, 331. It is true that, under the Massachusetts statutes, interest on unpaid taxes as such is at the rate of four per cent per annum, but when the amount of the unpaid taxes and accumulated interest thereon was liquidated by the order of June 22, 1944, and the amount thereof was directed to be paid out of the fund in the registry of the court, the legal rate of interest for the time the payment of this sum was delayed by the pendency of the appeal was six per cent, according to the applicable provision of the Massachusetts law, just as if a judgment for taxes had been obtained by the Collector against the person assessed therefor.

It is suggested by appellants that the City has not really lost six per cent interest during the period of the delay incident to the appeal because, so long as the taxes remained unpaid, from whatever cause, interest on the same continued to run at four per cent, and might still be collected by enforcement of the City's lien against the property. But the City in fact lost for a time the use of the money

---

6 See footnote 2, supra.

which would have been paid to it earlier had not a supersedeas bond been filed. The accepted measure of damages for such loss is interest at the legal rate. It does not matter that the City may have another recourse whereby it might be compensated for part of this loss if it should fail to obtain reimbursement from the obligors on the supersedeas bond. The whole purpose of the disbursement order was to stop the running of interest on the unpaid taxes so as to conserve the fund which would eventually have become available in pending proceedings for reorganization of the debtor hotel corporation. Since payment of the taxes as ordered by the court was delayed by John Hancock's unfounded appeal from the order, it is equitable that the further interest charges should fall upon John Hancock instead of being saddled upon the fund in the registry of the court or upon the debtor in reorganization.

The summary proceeding against the principal and surety to enforce their liability on the supersedeas bond is authorized by Rule 73(f), F.R.C.P. That rule, it is true, refers only to judgment against the surety on the bond, but John Hancock, the principal obligor, was a party to the main proceeding and hence subject to the jurisdiction of the District Court. Such summary proceeding, against both principal and surety, was approved in Brame v. Keystone Credit Corporation, 4 Cir., 1935, 76 F.2d 328, 330, even before the adoption of the new Federal Rules of Civil Procedure.

The judgment of the District Court is affirmed, with costs to the appellee.