PHILIP S. TULLY and BLANCHE M. TULLY, Plaintiffs

v.

YVON J. R. KERGUEN, Defendant

Civil No. 167-1968

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 14, 1969

Harold Monoson, Esq., *for plaintiffs*

Birch, deJongh & Farrelly, Esqs. (Alexander A. Farrelly, Esq., of counsel), *for defendant*

ALMERIC L. CHRISTIAN, *Judge*

## ORDER

This matter is before the Court on a motion for satisfaction of a Judgment against a surety on a Supersedeas Bond, pursuant to Rule 8(b) of the Federal Rules of Appellate Procedure.

The facts here relevant are not in dispute. On September 26, 1968, a Judgment was entered in favor of plaintiffs for $3000.00, plus interest and costs. A Writ of Execution was issued on October 8, 1968. Two days later defendant filed his "Notice of Appeal", together with Supersedeas Bond. On December 16, 1968, the U.S. Court of Appeals for the Third Circuit entered an Order docketing the appeal out of time and extending the time within which the defendant's brief was to be filed. Thereafter, on May 21, 1969, the Circuit Court entered an Order granting defendant's intervening motion to dismiss his appeal, providing in said Order that ". . . The Supersedeas Bond will remain on file subject to further order of this Court." On August 29, 1969, the Circuit Court entered another Order, denying a motion of plaintiffs which had sought to have the Judgment affirmed in the Circuit Court. In this Order, the Circuit Court vacated that portion of its May 21, 1969 Order relative to the Supersedeas Bond. On September 19, 1969, the instant motion was filed.

Defendant urges that, given the foregoing facts, plaintiffs' judgment of September 26, 1968, cannot be satisfied out of the Supersedeas Bond for that judgment was neither affirmed nor modified on appeal. In this contention defendant relies on Spruks v. United States Fidelity and Guarantee Co., 138 F.2d 812 (3 Cir. 1943). Plaintiffs, on the other hand, rely on John Hancock Mutual Life Insurance Co., et al. v. Hurley, 151 F.2d 751 (1 Cir. 1945) as authority for satisfying the judgment out of the supersedeas bond.

Were the issue in this case the same as in Spruks and John Hancock, supra, this Court would, of course, follow the former case if it still states the law of our circuit. However, as I read those two cases, which clearly put the first and third circuits in conflict, neither is apposite. There the question decided was whether or not interest, not a part of the judgment, could be collected as damages on a supersedeas bond, where none had been awarded on appeal. The Third Circuit answered in the negative and the First in the affirmative. But here we are concerned only with whether the judgment itself may be satisfied out of the supersedeas bond. I am of the opinion that this is the very object of the bond, or Rule 8(b) of the Federal Rules of Appellate Procedure is without sense or purpose. Both of the best known treatises on the Federal Rules are in agreement with this conclusion. (See 9 Baron and Holtzoff, Federal Practice and Procedure, Sec. 1557, and 9 Moore's, Federal Practice, Sec. 73.21.) True, both were commenting on Rule 73 of the Federal Rules of Civil Procedure. Rule 8(b) of the Federal Rules of Appellate Procedure, has superseded, but not annulled that former Rule, and the law thereunder. Hence the law as above stated has lost none of its validity or vitality.

Accordingly the motion of the plaintiffs is granted.